# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 7, 2010

No. 09-20172

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

LISA DENISE BISHOP,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

Lisa Denise Bishop appeals the imposition of a special condition on her supervised release. For the following reasons, we affirm.

## I

Bishop pled guilty to aggravated identity theft and fraud in connection with access devices and was sentenced to serve 48 months in prison and three years of supervised release. As a special condition of her supervised release, Bishop was ordered to "participate in a mental health program as deemed necessary and approved by the probation officer." Bishop appeals, arguing that the district court judge unlawfully and unconstitutionally delegated her

No. 09-20172

statutory and Article III authority to determine sentencing conditions to a non-judicial officer.

## II

Because Bishop did not object at sentencing, this court reviews for plain error only.[1]  Under the plain error standard of review, reversal is not required unless there is (1) an error; (2) that is clear or obvious; and (3) that affects the defendant's substantial rights.[2]  Even then, we retain discretion whether to correct the error, and will do so only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."[3]

## III

We determine whether an alleged error is plain by reference to existing law at the time of appeal.[4]  An error is not plain "unless the error is clear under current law."[5]  There are no published decisions in this Circuit that address the statutory and constitutional limits on a district court's authority to delegate to a probation officer the determination of whether and to what extent a convicted defendant on supervised release must participate in counseling.  Although other circuit courts have found improper delegation in analogous circumstances on de novo review,[6] the question remains an open one in the Fifth Circuit, and Bishop

---

[1] *United States v. Vega*, 332 F.3d 849, 852 n.3 (5th Cir. 2003).

[2] *United States v. Rojas-Gutierrez*, 510 F.3d 545, 548 (5th Cir. 2007).

[3] *Id.*

[4] See *Johnson v. United States*, 520 U.S. 461, 467 (1997) ("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review . . . with no exception for cases in which the new rule constitutes a 'clear break' with the past.") (internal quotations and citation omitted).

[5] *United States v. Olano*, 507 U.S. 725, 734 (1993).

[6] *See, e.g., United States v. Heath*, 419 F.3d 1312, 1315 (11th Cir. 2005) (finding that delegating to the probation office the authority to decide whether a defendant will participate in a treatment program is a violation of Article III); *see also United States v. Peterson*, 248 F.3d

No. 09-20172

has failed to show that the district court's error, if any, was plain.[7] Indeed, in a series of recent unpublished opinions, this circuit has consistently held that such judicial delegations of authority regarding counseling do not rise to the level of plain error.[8]

Bishop relies primarily upon our decision in *United States v. Albro* to support her position that the district court judge plainly erred by delegating her authority to determine special conditions of release to a probation officer.[9] In that case, the defendant was convicted of bank fraud and ordered to pay restitution. Although the district judge determined the amount to be paid, he delegated the "manner of payment" to a probation officer. This court agreed with the convicted defendant that "'the amounts to be paid and the manner of payment should be recited in the [sentencing] order, rather than

---

79, 85 (2d Cir. 2001) ("If [the defendant] is required to participate in a mental health intervention only if directed to do so by his probation officer, then this special condition constitutes an impermissible delegation of judicial authority to the probation officer."); *United States v. Pruden*, 398 F.3d 241, 251 (3d Cir. 2005) (expressing agreement with *Peterson*); *United States v. Allen*, 312 F.3d 512, 516 (1st Cir. 2002) (same); *United States v. Sines*, 303 F.3d 793, 799 (7th Cir. 2002) ("[A] district court ... must itself impose the actual condition requiring participation in a sex offender treatment program."); *United States v. Kent*, 209 F.3d 1073, 1079 (8th Cir. 2000) (finding "that the lower court improperly delegated a judicial function to [the defendant's] probation officer when it allowed the officer to determine whether [the defendant] would undergo counseling").

[7] *United States v. Castro*, 166 F.3d 728, 732 (5th Cir. 1999); *see also United States v. Vega*, 332 F.3d 849, 852 n.3 (5th Cir. 2003) (finding any error could not be plain or obvious when the Fifth Circuit had not previously addressed the issue before the court).

[8] *See, e.g.*, *United States v. De Los Santos*, 332 F. App'x 993 (5th Cir. 2009) (holding that it was not plain error to delegate whether and to what extent the defendant should participate in counseling); *United States v. Davis*, 306 F. App'x 851 (5th Cir. 2009); *United States v. Grubert*, 339 F. App'x 406 (5th Cir. 2009); *United States v. Mungia*, 297 F. App'x 314 (5th Cir. 2008); *United States v. Acevedo*, 157 F. App'x 713 (5th Cir. 2005).

[9] 32 F.3d 173 (5th Cir. 1994).

delegat[ed] . . . to the probation officer.'"[10]   The court found plain error and reversed.[11]

Bishop concedes, however, that this court has since distinguished *Albro* in cases addressing drug treatment.  In *United States v. Warden*, for example, this court held that it was not plain error to allow a probation officer to determine a defendant's ability to pay for drug treatment.[12]  This court noted that *Albro* concerned "restitution payments," not the costs of drug treatment.[13]  Likewise, in *United States v. Vega*, we noted that any error by the district court in delegating authority to a probation officer to determine the length of a defendant's drug treatment was not plain or obvious because "we have not previously addressed this issue."[14]

Our precedents do not plainly require the result Bishop urges.

\*       \*       \*

Accordingly, for the reasons discussed above, we AFFIRM the district court's judgment.

---

[10] *Id.* at 174 (quoting *United States v. Mancuso*, 444 F.2d 691, 695 (5th Cir. 1971)).

[11] *Id.* at 174-75.

[12] 291 F.3d 363, 366 (5th Cir. 2002).

[13] *Id.* at 365-66.

[14] 332 F.3d 849, 852 n.3 (5th Cir. 2003).