# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 1, 2010

No. 09-41204

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DOMINGO TORRES-PINDAN, also known as Domingo Torres-Pineda,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before DEMOSS, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Domingo Torres-Pindan (Torres) pleaded guilty to one count of unlawfully transporting illegal aliens within the United States. The district court sentenced Torres to 27 months imprisonment and three years supervised release. The district court imposed several "special conditions" of supervised release, including: (i) drug surveillance (i.e., drug testing in addition to the mandatory drug testing under 18 U.S.C. § 3583(d)) "as directed by the probation officer;" and (ii) participation in a mental health program "as deemed necessary and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-41204

approved by the probation officer."  Torres argues that the district court erred by imposing the additional drug testing special condition because the condition is not "reasonably related" to the sentencing factors of § 3553(a) and it involves a "greater deprivation of liberty than is reasonably necessary."  *See United States v. Paul*, 274 F.3d 155, 164–65 (5th Cir. 2001) (citation omitted).  Torres also argues that the district court erred by impermissibly delegating its judicial authority to the probation officer.

Generally, our review of the district court's determination of supervised release conditions is for abuse of discretion.  *See id.* at 165.  However, because Torres failed to object to the special conditions when they were pronounced at sentencing, we review for plain error.[1]  *See United States v. Weatherton*, 567 F.3d 149, 152 (5th Cir.), *cert. denied*, 130 S. Ct. 300 (2009).  To demonstrate plain error, Torres must show an error that is clear or obvious under our existing law and that affects his substantial rights.  *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009); *United States v. Bishop*, 603 F.3d 279, 281 (5th Cir. 2010).  If Torres makes such a showing, we have discretion to correct the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Puckett*, 129 S. Ct. at 1429 (internal marks and citation omitted).

We must first determine whether the district court committed plain error in imposing the additional drug testing special condition.  A district court has wide discretion to impose conditions of supervised release, limited by § 3583(d).  *See Paul*, 274 F.3d at 164–65.  A district court "can require participation in a substance abuse program if it has reason to believe that the defendant abuses controlled substances."  *United States v. Cothran*, 302 F.3d 279, 290 (5th Cir. 2002) (citations omitted); *see United States v. Gayford*, No. 09-10683, 2010 WL 2332088, at *2 (5th Cir. June 7, 2010) (unpublished).  The additional drug

---

[1] Torres concedes that the plain error standard of review applies.

No. 09-41204

testing imposed in this case is less onerous than imposing participation in a drug abuse treatment program. Torres admits in the presentence investigation report (PSR) that he has used both alcohol and two controlled substances (marijuana and cocaine) in his past, and the district court explicitly adopted the PSR as its findings. *See Cothran*, 302 F.3d at 290. Moreover, the condition is also in furtherance of the mandatory drug testing condition required by Congress. *See* § 3583(d). Because Torres cannot point to any existing Fifth Circuit case holding that a district court erred in imposing additional drug testing as a special condition of supervised release, if there is error in this case, it is not plain.

We next determine whether the district court committed plain error by impermissibly delegating its judicial authority by imposing (i) the additional drug testing special condition "as directed by the probation officer," and (ii) the mental health special condition "as deemed necessary and approved by the probation officer." A district court may not "abdicate[] its judicial responsibility," but it may impose special conditions of supervised release "which require the prior approval of a probation officer." *United States v. Rodriguez*, 558 F.3d 408, 415 (5th Cir. 2009). "Probation officers have broad statutory authority to advise and supervise persons on supervised release to improve the releasees' conduct and lives, and to 'perform any other duty that the court may designate.'" *Id.* at 414–15 (citing 18 U.S.C. §§ 3601, 3603(3), (10)).

We considered the exact delegation language used in the mental health special condition in *Bishop*. *See* 603 F.3d at 280 (the defendant shall "participate in a mental health program as deemed necessary and approved by the probation officer" (internal marks omitted)). In *Bishop*, we stated that we have "consistently held that such judicial delegations of authority regarding counseling do not rise to the level of plain error." *Id.* at 281 & n.8 (citing five unpublished cases holding that it is not plain error to delegate whether and to what extent the defendant should participate in counseling). Because Torres

3

cannot point to any existing Fifth Circuit case contradicting *Bishop*, if there is error in this case, it is not plain. *See United States v. Turpin*, No. 09-40642, 2010 WL 3377231, at *1 (5th Cir. Aug. 25, 2010) (unpublished) (identifying a circuit split on the delegation issue and noting that the Fifth Circuit "has not yet decided whether it is permissible for a court to delegate to a probation officer the determination of whether mental health treatment will be required as part of supervised release").

With respect to the additional drug testing delegation language, Torres cannot point to any existing Fifth Circuit case, nor have we found one, holding that a district court erred in imposing additional drug testing "as directed by the probation officer." Therefore, if there is error in this case, it is not plain. AFFIRMED.