**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 14, 2011

Lyle W. Cayce
Clerk

No. 11-10275
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EUGENIO CEBALLOS-SILVA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:10-CR-50-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Eugenio Ceballos-Silva appeals the sentence imposed following his guilty plea conviction for one count of illegal reentry following deportation in violation of 8 U.S.C. § 1326 and 6 U.S.C. §§ 202 and 557. As conditions of Ceballos-Silva's three-year term of supervised release, the district court ordered, inter alia, that he "participate in sex offender treatment services as directed by the probation officer until successfully discharged," that he "not have any form of unsupervised contact with persons under the age of 18 at any location . . . without prior

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10275

permission of the probation officer," and that he "have no contact with the victim(s) . . . except under circumstances approved in advance by the probation officer."

Ceballos-Silva contends that the district court plainly and reversibly erred when it impermissibly delegated to the probation officer its authority to order him to attend sex offender treatment, as well as its authority to regulate his contact with minors and his own children. He notes that his argument is foreclosed by *United States v. Rodriguez*, 558 F.3d 408 (5th Cir. 2009), and *United States v. Bishop*, 603 F.3d 279 (5th Cir.), *cert. denied*, 131 S. Ct. 272 (2010), but seeks to preserve the issue for further review. The Government has filed a motion for summary affirmance arguing that Ceballos-Silva's argument is foreclosed by *Rodriguez* and *Bishop*. In the alternative, the Government requests an extension of time in which to file a brief on the merits.

"There are no published decisions in this Circuit that address the statutory and constitutional limits on a district court's authority to delegate to a probation officer the determination of whether and to what extent a convicted defendant on supervised release must participate in counseling." *Bishop*, 603 F.3d at 281. Therefore, as Ceballos-Silva concedes, he cannot show that the district court committed reversible plain error when it ordered that he participate in sex offender treatment services as directed by the probation officer. *See id.*

Ceballos-Silva's contention that the district court plainly and reversibly erred when it impermissibly delegated to the probation officer its authority to regulate his contact with minors and his own children is likewise without merit. Ceballos-Silva was sentenced to three years of supervised release and the association restrictions did not completely prohibit him from contacting any

No. 11-10275

minors or victims, including his own children. *See Rodriguez*, 558 F.3d at 416. The district court's delegation to the probation officer of its ability to implement and approve any exceptions to these restrictions did not constitute an abdication of its judicial authority. *See id.* at 416-17. Therefore, Ceballos-Silva has not shown that the district court abused its discretion in imposing this special condition of supervised release. *See id.*

Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.