# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41711
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 6, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAYMOND ESTRADA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CR-681-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Raymond Estrada pleaded guilty to a single count of possession with intent to distribute cocaine base. As part of his sentence, the district court imposed a special condition of supervised release that, in relevant part, requires Estrada "to participate in a mental health program as deemed necessary and approved by the probation officer." Estrada argues that this condition is ambiguous because it appears to both require him to participate in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41711

a mental health program and to delegate to the probation officer a decision as to whether he must participate in such a program.

Because Estrada did not object to this condition in the district court, we review for plain error. To show plain error, Estrada must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States,* 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

We have not addressed in a published opinion "the statutory and constitutional limits on a district court's authority to delegate to a probation officer the determination of whether and to what extent a convicted defendant on supervised release must participate in counseling." *United States v. Bishop,* 603 F.3d 279, 281 (5th Cir. 2010). Because the issue remains unsettled in this circuit, Estrada cannot show that the error, if any, was clear or obvious. *See id.; see also United States v. Tang,* 718 F.3d 476, 487-88 (5th Cir. 2013). Therefore, he has not shown that the district court committed plain error by imposing this special condition.

AFFIRMED.