# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40274
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 18, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GARY EUGENE ROBINSON,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:11-CR-235-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Gary Eugene Robinson pleaded guilty to failing to register as a sex offender. A special condition of the supervised release that followed his prison term prohibited him from having contact with children "unless supervised by an adult approved by the probation officer." After the district court found that he violated this and three other conditions, it revoked his supervised release and sentenced Robinson to prison followed by five more years of supervised

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

release.  Robinson now appeals, challenging only the district court's decision to reimpose the special condition of his supervised release limiting contact with children.

Because Robinson did not argue in the district court that delegation to the probation officer of the authority to determine a suitable chaperone violates Article III of the Constitution, we review his first challenge for plain error.  *See United States v. Bishop*, 603 F.3d 279, 280 (5th Cir. 2010); *see also United States v. Garcia-Perez*, 779 F.3d 278, 281-82 & n.2 (5th Cir.  2015) ("Objections supported below by a given argument cannot preserve a completely different argument on appeal.").  We thus only have discretion to correct any error if Robinson shows that the error is obvious, affected his substantial rights, and seriously affected the fairness and integrity of the district court proceedings.  *United States v. Bourgeois*, 423 F.3d 501, 506 (5th Cir. 2005).

"The imposition of a sentence, including the terms and conditions of supervised release, is a core judicial function that cannot be delegated." *United States v. Franklin*, ___ F.3d ____, No. 15-20622, 2016 WL 5417371, \*2 (5th Cir. September 28, 2016) (internal quotation marks and citation omitted).  For example, a district court cannot delegate the "authority to decide whether a defendant will participate in a treatment program." *Id.*  It can, however, delegate to a probation officer the authority to decide "the details of a condition of supervised release." *Id.* (internal quotation marks and citation omitted).  We thus found no plain error when a district court delegated to a probation officer the authority "to determine a defendant's ability to pay for drug treatment." *Bishop*, 603 F.3d at 282.

We also see no plain error in the district court having the probation officer approve any adult chaperones that would allow Robinson to have contact with children.  The district judge made the determination to prohibit

contact with children.  The judge then softened that prohibition by allowing such contact when Robinson is supervised by an adult approved by the probation officer.  The probation officer's role in approving such adults looks more like a detail of the supervised release condition.  Robinson certainly has pointed to no authority showing an obvious error in having the probation officer perform this limited approval role.

Robinson next argues that the standard adopted by the probation officer creates a greater than necessary deprivation of his liberty and violated his right to freedom of association.  Because Robinson objected on these grounds in the district court, we review whether imposition of the special condition of supervise release was an abuse of the district court's discretion.  *See United States v. Duke*, 778 F.3d 392, 398 (5th Cir. 2015).  "This court has routinely upheld conditions limiting a defendant's ability to associate with minors," particularly when they are limited in scope and duration.  *Id.* at 401, 403.  Restricting Robinson from having contact with children "except under the supervision of another adult designated . . . by the probation officer, is not overly broad because the restriction provides no greater deprivation of liberty than is necessary to protect . . . minors."  *Rodriguez*, 558 F.3d at 418.

The district court did not abuse its discretion or plainly err in imposing the special condition of supervised release.  *Duke*, 778 F.3d at 398; *Bishop*, 603 F.3d at 281.  The judgment of the district court is AFFIRMED.