# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10801
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 20, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KHALED AL HAJ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-243-1

Before BENAVIDES, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Khaled Al Haj appeals his jury trial conviction and the sentence imposed for one count of conspiracy to distribute a controlled substance and one count of conspiracy to distribute a controlled substance analogue. The district court sentenced him to 180 months of imprisonment on each count, to be served concurrently, and to concurrent three-year terms of supervised release. With respect to his conviction, Al Haj argues that the evidence was insufficient to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prove that he had the requisite knowledge, i.e., that he knew he was distributing controlled substances and controlled substance analogues, on each count; the controlled substances and analogues at issue here are commonly referred to as spice. Regarding the sentence, Al Haj argues that the district court erred by including special conditions of supervised release in the written judgment that were not orally pronounced at sentencing.

We review Al Haj's preserved challenges to the sufficiency of the evidence de novo. *See United States v. Grant*, 683 F.3d 639, 642 (5th Cir. 2012). That standard requires us to consider the evidence presented in the light most favorable to the Government to determine whether a rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt. *See United States v. Lopez-Moreno*, 420 F.3d 420, 437-38 (5th Cir. 2005).

The Controlled Substances Act (CSA) makes it unlawful to knowingly manufacture, distribute, or possess with the intent to distribute controlled substances. *McFadden v. United States*, 135 S. Ct. 2298, 2302 (2015) (citing 21 U.S.C. § 841(a)(1)). "The Controlled Substance Analogue Enforcement Act of 1986 identifies a category of substances substantially similar to those listed on the federal controlled substances schedule, 21 U.S.C. § 802(32)(A), and instructs courts to treat those analogues, if intended for human consumption, as controlled substances for purposes of federal law." *McFadden,* 135 S. Ct. at 2303.

To obtain a conviction under the CSA, the Government must establish that the defendant "knew he was dealing with 'a controlled substance.'" *Id.* When the substance is an analogue, "that knowledge requirement is met if the defendant knew that the substance was controlled under the CSA or the Analogue Act, even if he did not know its identity." *Id.* The Court in *McFadden* explained that this knowledge requirement can be met in two ways:

No. 17-10801

> First, it can be established by evidence that a defendant knew that the substance with which he was dealing is some controlled substance—that is, one actually listed on the federal drug schedules or treated as such by operation of the Analogue Act—regardless of whether he knew the particular identity of the substance. Second, it can be established by evidence that the defendant knew the specific analogue he was dealing with, even if he did not know its legal status as an analogue.

*Id.* at 2305. *McFadden* applies to conspiracies charged under 21 U.S.C. § 846. *See United States v. Stanford*, 823 F.3d 814, 826-28 (5th Cir. 2016) (direct appeal); *United States v. Stanford,* 883 F.3d 500, 504 (5th Cir. 2018) (direct appeal after resentencing after remand).

The record reflects that Al Haj, his supplier, and smoke shop owners to whom Al Haj sold spice routinely attempted to conceal their illegal activities and engaged in evasive behavior designed to avoid suspicion and detection by law enforcement. *Id.* For example, trial testimony established that Al Haj used code names when ordering spice from his supplier and used automotive repair terminology when discussing spice with one of his buyers. The spice transactions were conducted in cash and in secluded places or when no one was around, and the spice was disguised in boxes or plastic bags for transport between buyers and sellers. Al Haj and his supplier routinely changed their phone numbers to avoid leaving evidence of their transactions and discussed how to avoid detection by law enforcement.

In addition, the supplier shipped packages of spice to Al Haj at several different locations, none of which were his home or the smoke shops; they limited the number of deliveries to each address to avoid suspicion and consistently sought out new addresses to which to ship the product; the contents of the spice packages were sometimes misidentified as auto parts; and the packages contained no packing slips, invoices, or any other standard business documentation. Al Haj expressed his disappointment when he was

No. 17-10801

forced to discontinue shipping to an auto store because the workers there discovered that the deliveries contained spice.

When considering the evidence in the light most favorable to the verdict, the jury reasonably concluded that Al Haj knew that he was distributing controlled substances. *McFadden,* 135 S. Ct. at 2303; *Lopez-Moreno,* 420 F.3d at 437-38. With respect to the analogue conviction, Al Haj does not dispute that the evidence was sufficient under the first alternative way of proving knowledge under *McFadden*.

Al Haj next contends that there is a conflict between the oral and written judgments because the district court referred to a list of conditions of supervised release contained in an order setting additional terms of supervised release, which he signed, instead of pronouncing each special condition at sentencing. Because Al Haj could have raised this argument in the district court, we review it for plain error. *United States v. Bishop*, 603 F.3d 279, 280 (5th Cir. 2010).

We find that no conflict exists between the oral pronouncement of sentence and the written judgment. *See United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006); *United States v. Mudd*, 685 F.3d 473, 480 (5th Cir. 2012). The district court referenced at sentencing the additional conditions set forth in the order, Al Haj signed the order, and the written judgment imposes substantially similar conditions. Thus, he has not shown error, plain or otherwise, in the imposition of the special conditions that were not pronounced at sentencing. *See Bishop,* 462 F.3d at 280.

Al Haj's convictions and sentence are AFFIRMED.