# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2022

Lyle W. Cayce
Clerk

No. 19-41018

United States of America,

*Plaintiff—Appellee*,

*versus*

Adolfo Huerta,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:19-CR-1151-1

Before Jones, Higginson, and Duncan, *Circuit Judges*.
Stephen A. Higginson, *Circuit Judge*:*

After Adolfo Huerta pleaded guilty to one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), the district court imposed a 71-month sentence, followed by three years of supervised release. As conditions of supervised release, the district court ordered that Huerta "must participate in an

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

inpatient or outpatient substance-abuse treatment program" and "an inpatient or outpatient alcohol-abuse treatment program." The district court further ordered that Huerta's "probation officer will supervise your participation in the program[s], including the provider, location, modality, duration, and intensity."

Huerta argues that giving the probation officer the discretion to determine whether he would be required to participate in an inpatient treatment program as part of his supervised release is "an improper delegation of the district court's authority to the probation office." Huerta concedes that plain error review applies because he did not raise his objection at sentencing when he had an opportunity to do so. *See United States v. Diggles*, 957 F.3d 551, 559-60 (5th Cir.) (en banc), *cert. denied*, 141 S. Ct. 825 (2020). When plain error review applies, we will only reverse the district court if the appellant can show that: "(1) there was an error; (2) the error was clear or obvious; (3) the error affected his or her substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings such that we should exercise our discretion to reverse." *United States v. Oti*, 872 F.3d 678, 690 (5th Cir. 2017).

"[A] district court may properly delegate to a probation officer decisions as to the details of a condition of supervised release." *Sealed Appellee v. Sealed Appellant*, 937 F.3d 392, 400 (5th Cir. 2019) (citation omitted). However, "[t]he imposition of a sentence, including the terms and conditions of supervised release, is a core judicial function that cannot be delegated." *Id.* (citation omitted). Thus, district courts may not delegate to probation officers "authority to decide whether a defendant will participate in a treatment program." *Id.* (citation omitted).

We recently issued a pair of decisions that address whether a district court may delegate the power to require inpatient treatment to a probation

officer. We held in *United States v. Martinez*, 987 F.3d 432, 435-36 (5th Cir. 2021), that given both "the significant liberty interests at stake in confinement during inpatient treatment" and the defendant's "short ten-month sentence," the district court "should not have delegated to the probation officer the decision to require inpatient, rather than outpatient, treatment" as a condition of the defendant's supervised release. Conversely, in *United States v. Medel-Guadalupe*, 987 F.3d 424, 430-31 (5th Cir.), *cert. denied*, 141 S. Ct. 2545 (2021), we allowed such a delegation following a 10-year sentence, explaining that "[d]ue to the length of Medel-Guadalupe's term, a court cannot predict what the need for substance abuse treatment during supervised release will be." However, in making that holding, we emphasized that the district court "did not affirmatively disclaim ultimate authority over the condition of supervised release," which meant that if, "upon his release nearly a decade from now, Medel-Guadalupe disagrees with the inpatient/outpatient determination, the district court will have the final say over the decision." *Id.* at 430-31 (cleaned up).

As we subsequently explained in *United States v. Yurika Huerta*, 994 F.3d 711, 716 (5th Cir. 2021), these two "companion cases" are reconcilable. "Citing each other, *Martinez* concluded that the delegation was impermissible following a relatively short 10-*month* sentence and *Medel-Guadalupe* concluded that the delegation was permissible following a relatively long 10-*year* sentence where it was clear that the district court continued to maintain a final say over the decision." *Id.* (citing *Martinez*, 987 F.3d at 436; *Medel-Guadalupe*, 987 F.3d at 431). The permissibility of a district court's delegation of the inpatient/outpatient decision thus depends, at least in part, on the length of the underlying prison sentence. *Yurika Huerta* further explains that, when read together, *Martinez* and *Medel-Guadalupe* establish two complementary principles:

No. 19-41018

> First, the district court will have the final say on whether to impose a condition. Second, although a probation officer's authority extends to the modality, intensity, and duration of a treatment condition, it ends when the condition involves a significant deprivation of liberty. Both principles spring from solicitude for the liberty interests of the defendant.

*Id.* at 716-17 (internal quotation marks and citations omitted). Although *Yurika Huerta* did not involve a district court's delegation of the inpatient/outpatient decision, we nonetheless noted that empowering a probation officer "to lock Huerta up for inpatient treatment . . . would be a significant deprivation of liberty following Huerta's relatively short [52-month] sentence." *Id.* at 717 (citing *Martinez*, 987 F.3d at 435); *see also id.* at 714.[1]

Given this caselaw, the question of whether the district court improperly delegated the inpatient/outpatient decision to Huerta's

---

[1] Several other circuits have also addressed this issue. The Second, Ninth, and Tenth Circuits have held that district courts may not delegate the inpatient/outpatient decision to probation officers. *See United States v. Matta*, 777 F.3d 116, 122-23 (2d Cir. 2015); *United States v. Esparza*, 552 F.3d 1088, 1091 (9th Cir. 2009); *United States v. Mike*, 632 F.3d 686, 695-96 (10th Cir. 2011). In contrast, the Eighth Circuit has upheld a release condition that allowed the probation officer to make the inpatient/outpatient decision, explaining that "as long as the district court does not indicate affirmatively that it has disclaimed ultimate authority over the condition of supervised release, limited delegation to a probation officer is permissible." *United States v. Demery*, 674 F.3d 776, 783 (8th Cir. 2011). Additionally, in earlier, non-precedential dispositions, the Seventh and Eleventh Circuits suggested that delegation of the inpatient/outpatient decision might be permissible. *See United States v. Cutler*, 259 F. App'x 883, 884, 886-87 (7th Cir. 2008) (per curiam) (rejecting the argument that the district court should have required the probation officer to place the appellant in inpatient, rather than outpatient, treatment on the ground that the inpatient/outpatient decision is a delegable "treatment detail"); *United States v. Calnan*, 194 F. App'x 868, 870-71 (11th Cir. 2006) (per curiam) (concluding that because allowing a probation officer to make the inpatient/outpatient decision "merely delegates to the Probation Office 'how, when, and where' the drug treatment will take place," the district court "did not plainly err" by making such a delegation (citation omitted)).

probation officer is subject to reasonable debate. However, as explained above, we are reviewing this case for plain error. "An error is not plain 'unless the error is clear under current law.'" *United States v. Bishop*, 603 F.3d 279, 281 (5th Cir. 2010) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009) (explaining that, under the second prong of plain error review, "the legal error must be clear or obvious, rather than subject to reasonable dispute"). Huerta was sentenced to a 71-month term of imprisonment, a shorter term than the 120-month sentence in *Medel-Guadalupe* (where delegation of the inpatient/outpatient decision was allowed) but a longer term than both the 10-month sentence in *Martinez* (where such a delegation was not allowed) and the 52-month sentence in *Yurika Huerta* (where the court implied that such a delegation would be improper). Because our precedent does not clearly resolve this case, Huerta cannot show that the district court plainly erred. *See Bishop*, 603 F.3d at 282 (affirming the district court under the second prong of plain error review where "[o]ur precedents do not plainly require the result [the appellant] urges"); *United States v. Vega*, 332 F.3d 849, 852 n.3 (5th Cir. 2003) (concluding "that any error by the district court . . . was not plain or obvious, as we have not previously addressed this issue"). Accordingly, the district court's judgment is AFFIRMED.[2]

---

[2] We note that if, upon his release, Huerta "disagrees with the [probation officer's] inpatient/outpatient determination, the district court will have the final say over the decision." *Medel-Guadalupe*, 987 F.3d at 431; *see also Yurika Huerta*, 994 F.3d at 716-17 (explaining that, in cases involving "delegation to probation officers," "'the district court will have the final say' on whether to impose a condition" (quoting *Medel-Guadalupe*, 987 F.3d at 431)); *Sealed Appellee*, 937 F.3d at 402 ("[A] district court may modify special conditions at any time." (citing 18 U.S.C. § 3583(e)(2))). The Government correctly acknowledges as much in its brief.