# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 23, 2022

Lyle W. Cayce
Clerk

No. 21-50680
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Antonio Rodriguez, Jr.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-77-1

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Antonio Rodriguez, Jr. pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court assigned Rodriguez a base offense level of 24 based on his prior convictions for aggravated assault and possession with intent to distribute

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50680

less than 50 kilograms of marijuana. The district court then sentenced Rodriguez within the Guidelines range to 87 months of imprisonment and three years of supervised release.

Rodriguez now asserts that the district erred by calculating his Guidelines range using the wrong base offense level. Under U.S.S.G. § 2K2.1(a)(2), an offense involving the unlawful possession of a firearm carries a base offense level of 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." Rodriguez contends that his 2008 marijuana conviction cannot be considered a "controlled substance offense" under § 2K2.1(a)(2) because at the time, the statute of conviction criminalized hemp, which Congress removed from the list of substances contained in the Controlled Substances Act (CSA) in 2018, prior to Rodriguez's sentencing here. *See* 21 U.S.C. § 841(a)(1), (b)(1)(D); § 812(c); *compare* § 802(16) (effective Mar. 9, 2006), *with* § 802(16)(B)(i) (effective Dec. 21, 2018). Rodriguez contends that the district court was required to look to whether the offense involved a controlled substance as defined in the version of § 802 that was in effect at the time he was sentenced in 2021, as opposed to the version of § 802 that was in effect at the time of his 2008 marijuana conviction.

Because, as Rodriguez concedes, he did not raise this argument in the district court, we review only for plain error. *United States v. Huerra*, 884 F.3d 511, 519 (5th Cir. 2018). To show plain error, Rodriguez must demonstrate a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he satisfies those requirements, this court has the discretion to remedy the error but only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, citation, and brackets omitted).

"An error is not plain 'unless the error is clear under current law.'" *United States v. Bishop*, 603 F.3d 279, 281 (5th Cir. 2010) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)).  As we recently explained, this court "has never held that a pre-2018 predicate conviction does not qualify as a 'controlled substance offense' for purposes of the [Sentencing Guidelines] because hemp was subsequently removed from the CSA prior to the time of federal sentencing." *United States v. Belducea-Mancinas*, No. 20-50929, 2022 WL 1223800, at *1 (5th Cir. Apr. 26, 2022) (unpublished); *see also United States v. Nava*, No. 21-50165, 2021 WL 5095976, at *2 (5th Cir. Nov. 2, 2021) (unpublished), *cert. denied*, 142 S. Ct. 1241 (2022).  Because our "case law is unsettled" on this issue, "we cannot say that any error is clear or obvious," *United States v. Ramos Ceron*, 775 F.3d 222, 226 (5th Cir. 2014), and Rodriguez cannot satisfy the second prong of plain-error review.

Accordingly, the judgment of the district court is AFFIRMED.