# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-40304
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
April 1, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ARTURO TREJO,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:20-CR-1417-6

---

Before GRAVES, WILLETT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Arturo Trejo appeals his conviction and sentence for conspiracy to possess with intent to distribute five kilograms or more of cocaine and 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. The district court sentenced him to a within-Guidelines term of 118 months of imprisonment and three years of supervised release. He

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

raises three issues: (1) his sentence is procedurally unreasonable because the district court failed to explain the 88-month disparity between his sentence and another defendant's; (2) his sentence is procedurally unreasonable because the district court relied on the alleged erroneous fact that he agreed to the quantity of each drug ahead of time as the basis of denying a request for a downward departure or variance for sentencing entrapment; and (3) his sentence is substantively unreasonable because it was partly based on the purity of the methamphetamine but he neither knew nor chose the methamphetamine's purity. He did not raise these issues in the district court, and he concedes that review is for plain error.

To demonstrate plain error, Trejo must show that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; and (3) the error affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes this showing, we will exercise our discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citation omitted).

Regarding his first claim, a within-Guidelines sentence requires "little explanation," *United States v. Gaspar-Felipe*, 4 F.4th 330, 344 (5th Cir. 2021), because the circumstances "may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence." *United States v. Rita*, 551 U.S. 356, 357 (2007). Here, the district court explained that it had reviewed all the evidence presented and concluded that Trejo's sentencing disparity argument was unpersuasive because he and the other defendant were not similarly situated. In light of the "little explanation" needed, any error that may have occurred was not clear or obvious. *Gaspar-Felipe*, 4 F.4th at 344; *see Puckett*, 556 U.S. at 135.

No. 24-40304

As for his second claim, we have not formally recognized sentencing entrapment as a defense and an "error is not plain unless the error is clear under current law." *United States v. Bishop*, 603 F.3d 279, 281 (5th Cir. 2010) (internal quotation marks and citation omitted). Lastly, Trejo's third claim is unpersuasive because he fails to cite any precedent from this court in support of his argument. *See United States v. Evans*, 892 F.3d 692, 704 (5th Cir. 2018); *see also United States v. Fuchs*, 467 F.3d 889, 901 (5th Cir. 2006) (finding no plain error when there was no "clearly established law in the Fifth Circuit" on the point).

The judgment of the district court is AFFIRMED.