[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 08, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16808
Non-Argument Calendar

_____

D. C. Docket No. 05-60076-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JASON MICHAEL CALNAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 8, 2006)**

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Jason Michael Calnan appeals his sentence for conspiracy to possess with intent to distribute oxycodone, 21 U.S.C. § 846, and attempt to possess with intent to distribute oxycodone, id. § 841(a)(1). Calnan argues that the district court clearly erred when it denied him a downward departure for acceptance of responsibility. See U.S.S.G. § 3E1.1. Calnan also argues that the district court plainly erred when it ordered Calnan to participate in drug treatment but delegated to the Probation Office whether the treatment would be inpatient or outpatient. We affirm.

## I. BACKGROUND

On March 24, 2005, Calnan and Cheryl Colarusso traveled from Boston, Massachusetts, to Fort Lauderdale, Florida, with approximately $40,000 in cash to purchase 1580 milligrams of oxycodone from a confidential informant who worked with the U.S. Drug Enforcement Administration. DEA agents arrested Calnan after the attempted purchase, and Calnan directed them to the hotel room where Colarusso was waiting. The agents arrested Colarusso, and she confessed to transporting some of the money from Boston and agreeing to transport some of the drugs on their return. When the agents left Calnan and Colarusso alone in a police car that was equipped with a listening device, Calnan asked Colarusso what she had told the agents and instructed her to "stick with" her story.

Calnan and Colarusso were indicted for conspiracy and attempt to purchase with intent to distribute oxycodone, see 21 U.S.C. §§ 841, 846, and they pleaded guilty without a plea agreement. The Presentence Investigation Report recommended that Calnan receive a downward departure for acceptance of responsibility and calculated an offense level of 28 and a guidelines range of 78 to 97 months of imprisonment. The only objections relevant to this appeal were made by the government, which opposed the departure for acceptance of responsibility and advocated a two-level increase for obstruction of justice, see U.S.S.G. § 3C1.1, based on Calnan's statements to Colarusso in the police car following their arrest.

On October 11, 2005, during his sentencing hearing, Calnan testified that he confessed immediately after he was apprehended by the agents. Calnan stated that he led the police to Colarusso and his statements to her in the police car were merely an effort to calm her down. On cross-examination, Calnan testified that he did not know who provided him with the approximately $40,000 to purchase the drugs. The district court continued the sentencing hearing to review the testimony of Calnan.

On November 30, 2005, the district court resumed Calnan's sentencing hearing. The district court found that Calnan's testimony at the October 11, 2005, sentencing hearing contained several "inconsistencies." The district court found

that Calnan "was not candid and forthright in responding to questions" and instead was "evasive and disingenuous regarding the relevant conduct and events surrounding his crimes." Based on these findings, the district court ruled that Calnan was not entitled to the downward departure for acceptance of responsibility, but denied the motion of the government for an increase for obstruction of justice. After these rulings, Calnan had an offense level of 30 and an advisory sentencing range of 97 to 121 months of imprisonment.

After considering the appropriate sentencing factors, see 18 U.S.C. § 3553(a), the district court imposed a sentence of 114 months of imprisonment on each count to run concurrently. The district court also ordered a three-year term of supervised release and imposed the following special condition:

> Mr. Calnan shall participate in an approved treatment program for drug and/or alcohol abuse as directed by the United States Probation Officer, and abide by all supplemental conditions of treatment.
> Participation may include inpatient or outpatient treatment if deemed necessary. . . .

Calnan did not object to this special condition.

## II. STANDARD OF REVIEW

"The district court's determination of whether a defendant is entitled to a reduction for acceptance of responsibility is a finding of fact that is entitled to great deference on appeal and will not be disturbed unless clearly erroneous." United

4

States v. Kendrick, 22 F.3d 1066, 1068 (11th Cir. 1994).  "We review the terms of a supervised release for abuse of discretion, but where the defendant fails to object at the district court, we reverse only for plain error."  United States v. Nash, 438 F.3d 1302, 1304 (11th Cir. 2006).

## III.  DISCUSSION

Calnan raises two arguments on appeal.  First, Calnan argues that the district court clearly erred when it denied him a reduction for acceptance of responsibility.  Second, Calnan contends that the district court plainly erred when it delegated to the Probation Office whether Calnan will undergo inpatient or outpatient drug treatment as a condition to his supervised release.  We address each argument in turn.

### A.  The District Court Did Not Clearly Err When It Denied Calnan a Reduction for Acceptance of Responsibility.

Section 3E1.1 provides, "If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels."  U.S.S.G. § 3E1.1(a).  The application notes to section 3E1.1 list several "appropriate considerations" in determining whether the defendant qualifies for the departure. Id. § 3E1.1 cmt. n.1.  The first consideration is "truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely

5

denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct)." Id. § 3E1.1 cmt. n.1(a). "However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." Id.

Calnan's evasive and inconsistent testimony is sufficient to justify the decision of the district court to deny Calnan a reduction for acceptance of responsibility. Relevant conduct for a conspiracy includes "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." Id. § 1B1.3(a)(1)(B). The origin of the money used to finance the drug purchase is conduct relevant to Calnan's conspiracy charge, see id., and Calnan repeatedly stated that he did not know where he obtained the approximately $40,000 found at the time he was arrested. The district court did not clearly err when it denied Calnan a reduction for acceptance of responsibility.

6

*B. The District Court Did Not Plainly Err When It*
*Imposed the Condition on Calnan's Supervised Release.*

Although "Article III courts may not delegate the 'ultimate responsibility' of judicial functions to probation officers," <u>Nash</u>, 438 F.3d at 1305, a district court may delegate to the Probation Office the "'ministerial function' of how, when, and where the defendant must" comply with a condition. <u>Id.</u> at 1306. The district court stated that Calnan "<u>shall participate</u> in an approved treatment program for drug and/or alcohol abuse as directed by the United States Probation Officer" (emphasis added). This directive does not leave to the discretion of the Probation Office whether Calnan will be required to undergo drug treatment. The direction of the district court that "[p]articipation may include inpatient or outpatient treatment if deemed necessary" merely delegates to the Probation Office "how, when, and where" the drug treatment will take place. <u>Id.</u> The district court did not plainly err when it imposed this condition on Calnan's supervised release.

## IV. CONCLUSION

Calnan's sentence is

**AFFIRMED**.