# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 8, 2021

Lyle W. Cayce
Clerk

No. 19-40901

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LUIS ANDRES MEDEL-GUADALUPE,

*Defendant—Appellant*,

CONSOLIDATED WITH

No. 19-40902

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LUIS MEDEL,

*Defendant—Appellant*.

No. 19-40901 cons./w
No. 19-40902

---

Appeal from the United States District Court
for the Southern District of Texas
USDC Nos. 1:19-CR-428-1 & 1:14-CR-109-9

---

Before JONES, HAYNES, and HO, *Circuit Judges*.

PER CURIAM:

We WITHDRAW the prior opinion filed October 27, 2020 and substitute the following.

Luis Andres Medel-Guadalupe appeals his sentence on five grounds. Finding no error of fact or law, we AFFIRM.

## I. BACKGROUND

Medel-Guadalupe was arrested and charged in a five-count indictment with harboring illegal aliens. The first count charged conspiracy to harbor illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(II) and (B)(i) while the remaining four charged substantive violations of § 1324(a)(1)(A)(iii) and (B)(i) relating to specific aliens. The accompanying allegations assert the principal offense of harboring an illegal alien for commercial advantage or private financial gain, but the indictment also lists the statutory aiding and abetting provision, § 1324(a)(1)(A)(v)(II). Ultimately, Medel-Guadalupe pled guilty only to Count Two pursuant to a plea agreement.

The presentence report (PSR) included two enhancements that are relevant to this appeal. First, the PSR recommended a two-level increase for "reckless endangerment" under U.S.S.G. § 2L1.1(b)(6) for harboring aliens in "crowded, dangerous, or inhumane" conditions. Second, a two-level "bodily injury" increase was recommended under U.S.S.G. § 2L1.1(b)(7)(A) for injuries sustained by one of the female aliens after she was beaten by Medel-Guadalupe's girlfriend, Amanda Miguel Ramirez.

No. 19-40901 cons./w
No. 19-40902

Medel-Guadalupe filed written objections to both enhancements.    At sentencing, defense counsel argued that Medel-Guadalupe could not be held accountable for Ramirez's assault because it was provoked by jealousy— Ramirez thought the female alien "was either flirting with [Medel-Guadalupe] or that they had something going on."   The district court overruled the objection, finding that the assault was reasonably foreseeable.

As for the reckless endangerment enhancement, defense counsel argued that the stash house had electricity, running water, and ventilation, thus the Government could not show risk of "serious bodily injury."   In response, the Government argued that packing twenty-six aliens into a two-bedroom, one-bathroom apartment with a lone exit warranted the enhancement.   The district court overruled the objection, finding that harboring twenty-six aliens "in a relatively small area" created a dangerous situation as evacuation in case of emergency would be "extremely difficult."

The Government proceeded to recommend a low-end guidelines sentence of 110 months, consistent with the plea agreement.   The Government, however, requested the court to consider that Medel-Guadalupe was a member of the Paisas prison gang and had offered $5,000 for the federal agents on his case to "go down."   Defense counsel argued that these comments requested an upward departure, inconsistent with the plea agreement, and so Medel-Guadalupe should be released from the agreement and have his appellate rights returned.   The district court apprised Medel-Guadalupe that granting the request would allow the Government to pursue a higher sentence and, after receiving his acknowledgement, granted withdrawal.   The Government requested the statutory maximum of 120 months and Medel-Guadalupe asked for 110 months.

The district court issued a sentence of 120 months, stating that it "would have made that decision even if the Government had not made that

recommendation and [had] continued to recommend at the low end of the advisory guidelines." Additionally, the district court imposed a three-year supervised release term and ordered participation "in an inpatient or outpatient substance abuse treatment program, as well as an inpatient or outpatient alcohol abuse treatment program" to be supervised by the probation officer and paid for by Medel-Guadalupe if able. Finally, Medel-Guadalupe had been on supervised release at the time of this offense and admitted to violating various conditions of that release. The Government recommended a revocation sentence of eighteen months, consecutive to the 120-month sentence, because of the "credible threats" made against federal agents. Defense counsel did not request a specific sentence, but argued for the sentence to run concurrently. The district court sentenced Medel-Guadalupe to twelve months, the low end of the policy range, to run consecutive with the 120-month sentence. Medel-Guadalupe timely appealed both judgments and this court consolidated the appeals on the Government's motion.[1]

## II. DISCUSSION

Medel-Guadalupe raises five challenges on appeal. First, he alleges that Count Two of the indictment, which he pled guilty to, is duplicitous because it contains two distinct offenses. This duplicity stems from the unique statutory structure of 8 U.S.C. § 1324 which includes a separate prohibition on aiding and abetting.[2] § 1324(a)(1)(A)(v)(II). Next, he

---

[1] Both appeals involve the same Defendant, Medel-Guadalupe. In No. 19-40901, he appeals the judgment and sentence stemming from the 2019 harboring an illegal alien conviction while in No. 19-40902, he appeals the revocation judgement and sentence for violating the supervised released from his 2014 federal drug-trafficking conviction.

[2] We have previously interpreted this provision as "expressly provid[ing] that aiding and abetting the commission of § 1324(a)(1)(A)(ii) [transporting illegal aliens] is a separate, free-standing offense." *United States v. Nolasco-Rosas*, 286 F.3d 762, 767 (5th Cir.

No. 19-40901 cons./w
No. 19-40902

challenges both the "reckless endangerment" and "bodily injury" sentencing enhancements. Medel-Guadalupe also contends that the district court impermissibly delegated judicial authority to the probation officer regarding the special conditions of his supervised release. Finally, he argues that the district court erred in failing to state its reasons for ordering the revocation sentence to run consecutively. We address each in turn.

### A. Duplicity

This court reviews a duplicity argument raised in the first instance on appeal for plain error. *United States v. Blevins*, 755 F.3d 312, 319 (5th Cir. 2014). To prevail, Medel-Guadalupe must demonstrate that the error is clear or obvious and affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135, 129 S. Ct. 1423, 1429 (2009). If he does, this court has discretion to correct that error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 736, 113 S. Ct. 1770, 1779 (1993). But as a threshold matter, the Government contends that Medel-Guadalupe waived this argument by pleading guilty. We agree.[3]

---

2002) (per curiam). Thus, it differs from the general aiding and abetting statute, 18 U.S.C. § 2, which provides an alternative theory of liability, not a separate crime. *United States v. Rabhan*, 540 F.3d 344, 348 (5th Cir. 2008).

[3] Notwithstanding, Medel-Guadalupe's argument also fails under plain error review because he cannot demonstrate his substantial rights were affected. Primarily, he contends that a duplicitous indictment requires that the court sentence him to a maximum of sixty months, the least severe punishment between the offenses. Yet, "[t]he proper remedy is to require the Government to elect upon which charge contained in the count it will rely." *United States v. McDermont*, No. 93-3603, 1995 WL 371036, *4 n.6 (5th Cir. June 5, 1995) (unpublished) ("Unpublished opinions issued before January 1, 1996 are precedent." 5TH CIR. R. 47.5.3). The allegations in Count Two, and factual basis supporting the guilty plea, charge Medel-Guadalupe solely as a principal, which carries the 120-month maximum to which he was sentenced. Medel-Guadalupe agreed to the factual basis of the plea and was consistently advised that he faced a ten-year maximum sentence.

No. 19-40901 cons./w
No. 19-40902

"It is well-settled that when a defendant enters a voluntary and unconditional guilty plea, the plea has the effect of waiving all nonjurisdictional defects in the prior proceedings." *United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008). A defective indictment is nonjurisdictional. *United States v. Cotton*, 535 U.S. 625, 630, 122 S. Ct. 1781, 1785 (2002). Thus, a defendant's voluntary and unconditional guilty plea waives any future claim that the indictment was defective by charging a duplicitous count. *United States v. Lampazianie*, 251 F.3d 519, 525–26 (5th Cir. 2001).

Medel-Guadalupe makes no argument that his plea was not knowing or voluntary, and the record makes clear that he understood "the nature of each charge to which [he was] pleading." FED. R. CRIM. P. 11(b)(1)(G); Moreover, the district court advised, and he acknowledged, that this plea waived "all defenses to those charges and any defects in the proceedings." Instead, Medel-Guadalupe argues that under the 2014 amendments to Rule 12 of the Federal Rules of Criminal Procedure, failure to raise a duplicity claim in a pretrial motion results in plain-error review but does not waive it. *United States v. Vasquez*, 899 F.3d 363, 380 (5th Cir. 2018). This argument misses the mark.

Before 2014, Rule 12(e) deemed a motion waived if not timely filed. *Id*. at 372. That language was deleted, and the Rule now states that a motion is "untimely." FED. R. CRIM. P. 12(c)(3). The Advisory Committee Notes explain that the term "waiver" ordinarily refers to the intentional

---

Finally, Medel-Guadalupe makes no argument as to why the court should exercise its discretion to correct this error and we decline to do so when the record indicates that he was fully aware of the maximum sentence he was facing and that he pled guilty to his actions as principal, not an aider and abettor.

6

relinquishment of a known right, but the rule never required any determination that the party intended to relinquish a defense or objection; thus the term was abandoned "to avoid possible confusion."[4] FED. R. CRIM. P. 12(c) advisory committee's note to 2014 amendment. An "untimely" Rule 12 motion is not waived and is reviewable for plain error. *Vasquez*, 899 F.3d at 373. Guilty pleas, however, are governed by Rule 11, not Rule 12, and there is no corresponding 2014 amendment to Rule 11. Further, the Advisory Committee Notes state that this change was driven by the intentional relinquishment connotation of "waiver," something not required by Rule 12. Here, Medel-Guadalupe intentionally and unequivocally relinquished this right.[5] Accordingly, this claim is waived.

### B. Sentencing Enhancements

Medel-Guadalupe argues that the district court erred in applying the "reckless endangerment" and "bodily injury" enhancements. We need not consider the merits of these arguments because even if the enhancements were applied in error, any errors were harmless. *See United States v. Guzman-Rendon*, 864 F.3d 409, 411–12 (5th Cir. 2017). This court recognizes one way to demonstrate harmless error "is to show that the district court considered both ranges (the one now found incorrect and the one now deemed correct) and explained that it would give the same sentence either way." *Id*. at 411.

---

[4] "The Advisory Committee Notes are instructive on the drafters' intent in promulgating the federal rules." *United States v. Navarro*, 169 F.3d 228, 237 (5th Cir. 1999).

[5] We recognize that during the sentencing hearing Medel-Guadalupe withdrew from the plea agreement in order to regain his appellate rights. He did not, however, withdraw his actual guilty plea. So, while he has the ability to challenge the sentence on appeal, he has waived any argument as to the merits of Count Two.

No. 19-40901 cons./w
No. 19-40902

Here, the district court was aware of the guidelines range absent the enhancements because Medel-Guadalupe advised the court of this range in his written PSR objections. The district court sentenced him to the statutory maximum, stating that it "would have made that decision even if the Government had not made that recommendation and continued to recommend at the low end of the advisory guideline level." The court noted Medel-Guadalupe's extensive criminal history, prior prison sentences and revocations, and his continued criminal activity from prison, leading to a separate obstruction-of-justice enhancement. It concluded by stating that the § 3553(a) sentencing factors "justified and supported" the statutory maximum sentence. The sentencing choice was reached irrespective of the guideline recommendation.

## C. Judicial Delegation

Medel-Guadalupe also contends that the district court impermissibly delegated judicial authority through the wording of two special conditions of supervised release, the required alcohol and drug treatment. Specifically, he takes issue with two determinations to be made by the probation officer: first, whether the treatment will be "inpatient or outpatient"; and second, the "modality, duration, intensity" of that treatment. Since Medel-Guadalupe did not raise this objection at sentencing, review is typically for plain error. *United States v. Bishop*, 603 F.3d 279, 280 (5th Cir. 2010). But Medel-Guadalupe claims lack of notice because "modality, duration, intensity" was included only in the written judgment. [6] "When a defendant has not been

---

[6] Our recent decision in *United States v. Diggles* may foreclose Medel-Guadalupe's notice argument. 957 F.3d 551, 560 (5th Cir. 2020) (en banc), *cert. denied*, No. 20-5836, 2020 WL 6551832 (Nov. 9, 2020). There, this court held that adopting, in-court, a presentence report's proposed conditions or a courtwide standing order when either lists the special conditions is sufficient to create the opportunity to object. *Id.* at 560–61. Here,

No. 19-40901 cons./w
No. 19-40902

provided a meaningful opportunity to object," this Court reviews as a preserved error.[7]  *United States v. Dean*, 940 F.3d 888, 890 (5th Cir. 2019). This argument fails under either plain error or *de novo* review.

"The imposition of a sentence, including the terms and conditions of supervised release, is a core judicial function that cannot be delegated." *Sealed Appellee v. Sealed Appellant*, 937 F.3d 392, 400 (5th Cir. 2019) (quoting *United States v. Franklin*, 838 F.3d 564, 568 (5th Cir. 2016)).  It is not permissible for a district court to delegate the decision of "*whether* a defendant will participate in a treatment program," but "a district court may properly delegate to a probation officer decisions as to the details of a condition of supervised release." *Id.* (internal quotation marks and citations omitted).  Thus, the key inquiry is whether the condition is mandatory or left to the discretion of the probation officer.

Here, the district court expressly mandated that Medel-Guadalupe participate in the treatment program, leaving no decision for the probation officer to make regarding the core feature of the special condition.[8]  Instead, "inpatient or outpatient" and "modality, intensity, duration" are all details of the conditions, decisions which can be properly delegated. *Franklin*, 838 F.3d at 568.  Medel-Guadalupe notes that some circuits require the

---

the special conditions were listed in the PSR appendix and in Southern District of Texas General Order No. 2017-01, both of which were reviewed by Medel-Guadalupe.  Further, the district court expressly adopted the factual findings and guideline applications of the PSR which contained the appendix.  This notice was sufficient under *Diggles*.

[7] If Medel-Guadalupe is correct, however, the impermissible delegation of judicial authority is a question of law, so a preserved objection is reviewed *de novo*. *United States v. Morin*, 832 F.3d 513, 516 (5th Cir. 2016).

[8] "You must participate in an inpatient or outpatient substance abuse treatment program, as well as an inpatient or outpatient alcohol abuse treatment program . . . ."

No. 19-40901 cons./w
No. 19-40902

district court to make the inpatient or outpatient determination,[9] but others do not.[10]  Our precedent only forbids delegating the decision of whether participation is required or not.  Here, the district court unequivocally made that decision and did not affirmatively "disclaim[] ultimate authority over the condition of supervised release."  *United States v. Demery*, 674 F.3d 776, 783 (8th Cir. 2011); *see also United States v. Poitra*, 648 F.3d 884, 888 (8th Cir. 2011) (same).  Due to the length of Medel-Guadalupe's term, a court cannot predict what the need for substance abuse treatment during supervised release will be.  *Cf. United States v. Martinez*, No. 20-20148, slip op. at 6 (5th Cir. Feb. 8, 2021) (prohibiting delegation of the inpatient–outpatient decision after a shorter, ten-*month* sentence).  Hence, while the court correctly decided that treatment must be taken, it was appropriate to "delegate" the questions of modality, intensity, and duration of such treatments in the first instance to the probation office.  If, upon his release nearly a decade from now, Medel-Guadalupe disagrees with the inpatient/outpatient determination, the district court will have the final say over the decision.

### D.  Revocation Sentence

Finally, Medel-Guadalupe challenges the district court's failure to state its reasons for ordering the revocation sentence to run consecutively with the alien-harboring sentence.  Medel-Guadalupe concedes that he did not object to the sentence, so our review is for plain error only.  *United States*

---

[9] *See, e.g.*, *United States v. Matta*, 777 F.3d 116, 122–23 (2d Cir. 2015); *United States v. Mike*, 632 F.3d 686, 695–96 (10th Cir. 2011); *United States v. Esparza*, 552 F.3d 1088, 1091 (9th Cir. 2009) (per curiam).

[10] *See, e.g.*, *United States v. Cutler*, 259 F. App'x 883, 887 (7th Cir. 2008) (per curiam); *United States v. Calnan*, 194 F. App'x 868, 870–71 (11th Cir. 2006) (per curiam).

10

*v. Fuentes*, 906 F.3d 322, 325 (5th Cir. 2018). A district court has "discretion to order that a sentence imposed upon the revocation of supervised release run concurrently with or consecutively to other sentences." *United States v. Whitelaw*, 580 F.3d 256, 260 (5th Cir. 2009). The Guidelines, however, recommend revocation sentences to run consecutively. *United States v. Flores*, 862 F.3d 486, 489 (5th Cir. 2017) (citing U.S.S.G. Ch. 7, Pt. B, Intro. Comment; U.S.S.G. § 7B1.3 cmt. (n.4)).

While a district court must state its reasons for imposing a sentence in open court,[11] simply applying the Guidelines "will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007). Here, the parties made competing arguments whether the sentence should run consecutively or concurrently, and the district court, after considering "the evidence and the arguments," simply chose to follow the Guidelines' recommendation.[12] *Id.* at 359, 127 S. Ct. at 2469. Moreover, Medel-Guadalupe cannot show error, plain or otherwise. His sentence was within the Guidelines and he fails to demonstrate that an explanation would have changed his sentence. *United States v. Mondragon-Santiago*, 564 F.3d 357, 365 (5th Cir. 2009).

## III. CONCLUSION

The judgment of the district court is **AFFIRMED**.

---

[11] *See* 18 U.S.C. § 3553(c).

[12] "Circumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case, and that the judge has found that the case before him is typical." *Rita*, 551 U.S. at 357, 127 S. Ct. at 2468.