# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 3, 2021

Lyle W. Cayce
Clerk

No. 20-10772
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RICHARD ROSS HYDE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-229-1

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:*

Richard Ross Hyde was charged in a single-count information with making a false claim against the United States related to a single Vista Machining Company, Inc. (VMC) contract with the Defense Logistics Agency (DLA), in violation of 18 U.S.C. § 287. Hyde pleaded guilty, and he

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10772

was sentenced within the guidelines imprisonment range to a 55-month term of imprisonment and to a three-year period of supervised release. He was ordered to pay a $100,000 fine and to make restitution to the United States in the amount of $12,897.50.

In determining the amount of the intended loss for purposes of calculating the applicable guidelines range, the probation officer extrapolated a failure rate from a random sample of 195 contracts awarded to VMC between February 2012 and October 2017 and multiplied that rate by the total value of the 3,652 contracts awarded to VMC during that period. The district court overruled Hyde's objection to probation officer's calculation of the loss amount, rejecting Hyde's proposed alternative calculation based only on the value of the 195 contracts considered in the random sample. Hyde contends that the district court erred.

"Although we review the district court's loss calculations for clear error, we review the district court's method of determining the amount of loss, as well as its interpretations of the meaning of a sentencing guideline, de novo." *United States v. Harris*, 821 F.3d 589, 601 (5th Cir. 2016) (internal quotation marks, citation, and emphasis omitted). "The district court receives wide latitude to determine the amount of loss and should make a reasonable estimate based on available information." *United States v. Jones*, 475 F.3d 701, 705 (5th Cir. 2007). "The sentencing judge is in a unique position to assess the evidence and estimate the loss based upon that evidence." *United States v. Hearns*, 845 F.3d 641, 649 (5th Cir. 2017) (internal quotation marks and citation omitted). We will not upset the district court's findings with respect to the amount of the loss "unless they are implausible in light of the record as a whole." *Id.* (internal quotation marks and citation omitted).

2

We have approved of the use of "extrapolation methodologies" in applying the Sentencing Guidelines. *United States v. Betancourt*, 422 F.3d 240, 247 (5th Cir. 2005). Such methodologies have also been employed in determining the loss amounts in fraud cases. *See, e.g., United States v. Fairley*, 880 F.3d 198, 215-16 (5th Cir. 2018).

Where, as here, "the government has shown that the fraud was so extensive and pervasive that separating legitimate benefits from fraudulent ones is not reasonably practicable, the burden shifts to the defendant to make a showing that particular amounts are legitimate." *United States v. Hebron*, 684 F.3d 554, 563 (5th Cir. 2012). Pervasiveness under *Hebron* is a factual finding reviewed for clear error. *United States v. Barnes*, 979 F.3d 283, 311-12 (5th Cir. 2020). The district court adopted the probation officer's extrapolation analysis of the amount of the intended loss, necessarily finding that Hyde's fraud was extensive and pervasive. On this record, Hyde cannot show that this finding was clearly erroneous. *See id.* Thus, Hyde had the burden of showing that the loss calculation was materially untrue, that is, that particular contracts considered in determining the loss amount were legitimate. *See Hebron*, 684 F.3d at 563. Hyde has not attempted to make such a showing. Nor has he shown that the district court erred in its method of determining the amount of the intended loss. *See id.*

We conclude also that the Government's alternate assertion that the judgment may be affirmed under the harmless error standard has merit. The district court was aware of the alternative guidelines range because Hyde advised the court of this range in his objections to the presentence report. The district court stated unambiguously that it would have imposed the same sentence, even if it had accepted the defense's proposed loss calculation. *See United States v. Medel-Guadalupe*, 987 F.3d 424, 429 (5th Cir.), *cert. denied*, No. 20-7483, 2021 WL 1520967 (U.S. Apr. 19, 2021). The judgment is AFFIRMED.