# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2021

Lyle W. Cayce
Clerk

No. 20-10491

United States of America,

*Plaintiff—Appellee*,

*versus*

Tina Carol Ortega,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-95-2

Before Davis, Higginson, and Engelhardt, *Circuit Judges*.
Kurt D. Engelhardt, *Circuit Judge*:

This case requires the court to determine whether the district court plainly erred in imposing a special condition of supervised release on Defendant-Appellant Tina Ortega. Because the district court committed no error whatsoever—much less a plain one—we AFFIRM.

I.

Tina Ortega pled guilty to possession of stolen mail in 2016. While on supervised release in 2019, Ortega admitted to a set of drug violations. The district court revoked Ortega's supervised release and sentenced her to an

No. 20-10491

additional two years in prison and one year of supervised release. At issue here is a special condition the district court imposed as part of Ortega's latter one-year term of supervised release.

The condition in question requires Ortega to "reside in [a] Reentry Center and successfully participate in [a] Residential Reentry Program for a period of at least 4 months to be released at the direction of the probation officer." It further directs Ortega to "initially participate in [the Reentry Program's] community corrections component," but provides that Ortega "may become eligible the last one-third of the term of confinement for placement in [the Program's] prelease component upon approval of the program review team and provided that [Ortega] meets all of the center's requirements."

Ortega did not object to the condition at the time of its pronouncement, but now argues that the anodyne condition "impermissibly delegated authority to the probation officer by allowing the probation officer to determine the duration of a residential treatment program."[1] As explained below, this contention fails.

## II.

Both sides agree that our review is for plain error. *See United States v. Huerta*, 994 F.3d 711, 715 (5th Cir. 2021) ("[W]e review forfeited challenges for plain error. A defendant forfeits a challenge to a condition of supervised

---

[1] We have repeatedly held that "a district court cannot delegate to a probation officer the 'core judicial function' of imposing a sentence, 'including the terms and conditions of supervised release.'" *United States v. Barber*, 865 F.3d 837, 839 (5th Cir. 2017) (per curiam) (quoting *United States v. Franklin*, 838 F.3d 564, 568 (5th Cir. 2016)). Premised on this longstanding rule, Ortega's argument is straightforward: Because the decision of "How much longer [Ortega] will be locked up" in a residential reentry facility "will be entirely up to probation," the district court violated the foregoing nondelegation principle by assigning "probation enormous authority to deprive Ms. Ortega's liberty."

release if the defendant had the opportunity to object in the district court but did not." (citation omitted)). To demonstrate plain error, an appellant must show "(1) an error (2) that is clear or obvious, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 716 (quoting *United States v. Huor*, 852 F.3d 392, 398 (5th Cir. 2017)). Ortega fails to meet this demanding standard here. In fact, she fails to surmount prong one.

## A.

In *United States v. Huerta*, we elaborated on "the dividing line between" *permissible* delegations of authority to determine the "details" of a supervised release condition and *impermissible* delegations of the "core judicial function" of imposing a sentence. *See id.* at 715–17. As *Huerta* explains, a district court errs when it surrenders "'the final say' on whether to impose a condition" or leaves to probation the details of a condition involving "a 'significant deprivation of liberty,'" but does *not* err when it assigns a probation officer reasonable authority to supervise the defendant's participation in a treatment program, including the program's "modality, intensity, and *duration*." *Id.* at 713–14, 716–17 (emphasis added) (first quoting *United States v. Medel-Guadalupe*, 987 F.3d 424, 431 (5th Cir. 2021) (per curiam); then quoting *United States v. Martinez*, 987 F.3d 432, 434, 436 (5th Cir. 2021)).

*Huerta* made sense of a pair of divergent decisions issued by this court on the same day: *Medel-Guadalupe*, 987 F.3d at 431 (where we affirmed a district court's *permissible* delegation of probationary authority) and *Martinez*, 987 F.3d at 434–35 (where we vacated a district court's *impermissible* delegation of probationary authority). As the *Huerta* panel stated,

No. 20-10491

Both cases concerned whether a district court may delegate to a probation officer the decision to require "inpatient or outpatient" treatment. *See Martinez*, 987 F.3d at 434; *Medel-Guadalupe*, 987 F.3d at 430. Citing each other, *Martinez* concluded that the delegation was impermissible following a relatively short 10-*month* sentence and *Medel-Guadalupe* concluded that the delegation was permissible following a relatively long 10-*year* sentence where it was clear that the district court continued to maintain a final say over the decision. *Martinez*, 987 F.3d at 436 (citing *Medel-Guadalupe*, 987 F.3d at 431); *Medel-Guadalupe*, 987 F.3d at 431 (citing *Martinez*, 987 F.3d at 436). *Martinez* emphasized the significant liberty interests at stake during confinement for inpatient treatment. 987 F.3d at 436. *Medel-Guadalupe* emphasized the long term of imprisonment and the district court's "final say over the decision" upon release "nearly a decade from now." 987 F.3d at 431.

*Huerta*, 994 F.3d at 716.

B.

Taken together, this trilogy of cases leaves no doubt that the district court's modest delegation of supervisory authority in this case was proper. For starters, the special condition here is considerably more specific and restrictive than the special conditions we considered in *Huerta*, *Martinez*, and *Medel-Guadalupe*. Indeed, the district judge here specified that Ortega "reside" in an inpatient "Reentry Center" for at least four months[2] *and* directed several key aspects of Ortega's activities in the Center.[3] He also

---

[2] Compare this with *Martinez*, where we vacated the special condition at issue due to its lack of clarity on this point. *See* 987 F.3d at 436.

[3] Compare this with *Huerta*, where we affirmed a looser special condition that merely specified that the defendant "participate in *a* substance abuse treatment program" and gave the probation officer carte blanche to "supervise the participation in the program

maintained a significant (if not decisive) role in setting the duration of Ortega's participation in the program—at least four months, but no more than twelve months.[4] As a result, while not all delegations of authority to set a supervised release program's duration are created equal, this one is no broader than other "duration delegations" we've sustained in the past.

Ortega's counterarguments—namely, (1) that the district court's delegation violates *Martinez* and *Huerta* by leaving the ultimate decision of how long Ortega will be "locked up" in a residential program "entirely . . . to probation," and (2) that this case is distinguishable from *Medel-Guadalupe* "because that case depended so heavily on the long term of imprisonment, ten years, which is absent here"—are unavailing. For one, the district court did not leave the length of Ortega's stay in the specified inpatient Reentry Center "entirely up to probation" at all, but instead directed probation to release Ortega within a particularized eight-month window, subject to its superior knowledge of Ortega's situation and performance in the program. Moreover, the fact that Ortega's two-year prison sentence is closer in length to *Martinez*'s ten-month sentence than to *Medel-Guadalupe*'s ten-year sentence is of little consequence as an error is only "clear or obvious if it is not subject to reasonable debate." *United States v. Davis*, 967 F.3d 441, 442 (5th Cir. 2020) (per curiam). Because we have never passed[5] on the significance (if any) of the length of a sentence falling between those in

---

(provider, location, modality, duration, intensity, etc.)." *See* 994 F.3d at 713–14 (emphasis added).

[4] The district court also retains discretion to modify Ortega's term of supervised release under Federal Rule of Criminal Procedure 32.1.

[5] We have no need to do so today because the district court's delegation here is a relative model of precision and because Ortega cannot establish plain error in any event.

*Martinez* and *Medel-Guadalupe*, this matter remains subject to "reasonable debate" and a lack of "clear or obvious" error is a given. *Id.*

\*       \*       \*

"Delegations to probation officers should not be made lightly," *Huerta*, 994 F.3d at 716, but a district court is free to grant probation officers reasonable leeway in arranging the details of a defendant's participation in a supervised release program. In failing to pinpoint the precise date of the defendant's discharge from a relatively specific special condition of supervised release here, the district court did not plainly err.

Accordingly, the judgment of the district court is AFFIRMED.