# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 21, 2022

Lyle W. Cayce
Clerk

No. 21-30159
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANTHONY SAL MELANCON, JR.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:19-CR-244-1

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Anthony Sal Melancon, Jr., pleaded guilty to distribution of child pornography and was sentenced to 120 months of imprisonment followed by 15 years of supervised release. For the first time on appeal, he challenges the imposition of two discretionary conditions of supervised release.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-30159

Our review is for plain error, as Melancon did not object to the conditions when the district court pronounced them at sentencing. *See United States v. Diggles*, 957 F.3d 551, 563 (5th Cir.) (en banc), *cert. denied*, 141 S. Ct. 825 (2020). To demonstrate plain error, Melancon must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id*. (internal quotation marks, brackets, and citation omitted).

Melancon argues that the condition requiring him to participate in substance abuse treatment, "inpatient or outpatient, under the guidance of the probation officer" improperly delegates to the probation officer the decision whether to place him in inpatient treatment. However, Melancon cannot show clear or obvious error where, as here, the delegation follows his 10-year prison sentence and it is clear that the district court has maintained its authority over the imposition of the condition. *See United States v. Medel-Guadalupe*, 987 F.3d 424, 427, 429-31 (5th Cir.), *cert. denied*, 141 S. Ct. 2545 (2021).

Next, Melancon argues that the condition prohibiting him from having internet access on any device without the probation officer's approval does not make clear whether he must request permission only once before using a device with internet access or every time thereafter that he plans to use the device to access the internet. The Government argues that when the condition is read in conjunction with a related supervised release condition regarding computer monitoring software, it is reasonably clear that the district court did not intend to require Melancon to seek prior approval for every instance of internet access, and Melancon agrees that is how the condition should be construed. With the benefit of development of this issue through briefing by the parties, we are now confident that the condition at

No. 21-30159

issue will not be interpreted or enforced by the district court in an unreasonably restrictive way. *See United States v. Sealed Juvenile*, 781 F.3d 747, 755-57 (5th Cir. 2015).

Accordingly, the district court's judgment is AFFIRMED.