# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 10, 2022

Lyle W. Cayce
Clerk

No. 20-10866

United States of America,

*Plaintiff—Appellee*,

*versus*

Andres Aguilar-Cerda,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-289-S-1

Before Owen, *Chief Judge*, and Higginbotham and Elrod, *Circuit Judges*.

Patrick E. Higginbotham, *Circuit Judge*:

Aguilar-Cerda's counsel submitted a merits brief after this Court previously concluded that counsel did not address a nonfrivolous issue related to a condition of supervised release in counsel's *Anders* brief. Because we now conclude there is no nonfrivolous issue for appeal, we affirm the district court's judgment and grant counsel's motion to withdraw which was carried with the case.

No. 20-10866

## I.

Andres Aguilar-Cerda pleaded guilty to possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine.[1] He was sentenced within the advisory guidelines range to 45 months' imprisonment and three years of supervised release. During the sentencing hearing, the district court stated that "the Defendant shall participate in a program, in or outpatient, approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse." Aguilar-Cerda did not object to this condition.

This special condition of supervised release is the subject of this appeal. The Federal Public Defender appointed to represent Aguilar-Cerda moved to withdraw pursuant to *Anders v. California*[2] and *United States v. Flores*.[3] This Court carried counsel's motion to withdraw with the case and ordered counsel to file either a supplemental *Anders* brief or a brief on the merits addressing (1) whether the district court erred by delegating the authority to require in-patient drug treatment as a condition of supervised release to the probation officer and (2) whether the district court erred by failing to specify the standard and mandatory conditions of supervised release during the sentencing hearing. As to the second issue, both parties agree that the district court did not plainly err when it referred to its previous written standing order and ordered that "Defendant shall comply with the standard conditions contained in this judgment" without reciting those conditions during the sentencing hearing. We agree and need not address the issue

---

[1] *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(C).

[2] 386 U.S. 738 (1967).

[3] 632 F.3d 229 (5th Cir. 2011).

No. 20-10866

further.[4] Accordingly, this appeal will focus on the former issue of delegating the inpatient or outpatient substance abuse treatment determination to a probation officer.

## II.

Because Aguilar-Cerda failed to object to the condition of supervised release, this Court reviews Aguilar-Cerda's challenge of this condition for plain error.[5] Under this standard, Aguilar-Cerda must show "(1) an error (2) that is clear or obvious, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings."[6]

## III.

Aguilar-Cerda argues that the district court plainly erred when it delegated to a probation officer the determination of whether he must participate in an in-patient or outpatient substance abuse treatment program. We disagree.

Two cases related to this issue, which were decided the same day, seem to conflict at first glance. In *Martinez*, we vacated the district court's condition of supervised release requiring Martinez to "participate in an inpatient or outpatient substance-abuse treatment program" because it

---

[4] *See United States v. Diggles*, 957 F.3d 551, 561 (5th Cir. 2020) ("A standing order provides advance notice of possible conditions just as a PSR recommendation does. And the in-court adoption of those conditions is when the defendant can object.").

[5] *United States v. Huerta*, 994 F.3d 711, 716 (5th Cir. 2021) (hereinafter *Yurika Huerta*); *see also United States v. Huerta*, No. 19-41018, 2022 U.S. App. LEXIS 392, at *2 (5th Cir. Jan. 6, 2022) (unpublished).

[6] *Yurika Huerta*, 994 F.3d at 716 (internal citations and quotations removed).

No. 20-10866

improperly delegated "the judicial decision to significantly restrict Martinez's liberty during treatment" to a probation officer.[7]

In *Medel-Guadalupe*, however, we held that the district court did not err when it delegated the decision of whether a substance abuse treatment program would be inpatient or outpatient to a probation officer.[8] We explained that "the key inquiry is whether the condition is mandatory or left to the discretion of the probation officer."[9] We determined that the district court expressly required Medel-Guadalupe to participate in a treatment program, and the inpatient versus outpatient distinction as well as the "modality, intensity, duration" of the treatment were "details of the conditions" which could be delegated to a probation officer.[10]

We then clarified these two decisions in *Yurika Huerta*:

> Read together, *Martinez* and *Medel-Guadalupe* establish two principles regarding delegation to probation officers. First, the district court will have the final say on whether to impose a condition . . . . Second, although a probation officer's authority extends to the modality, intensity, and duration of a treatment condition, it ends when the condition involves a significant deprivation of liberty.[11]

Importantly, we are reviewing Aguilar-Cerda's challenge under plain error. This distinguishes this case from *Martinez*, in which we reviewed the challenge under the more generous abuse of discretion standard, because,

---

[7] *United States v. Martinez*, 987 F.3d 432, 433 (5th Cir. 2021).

[8] *United States v. Medel-Guadalupe*, 987 F.3d 424, 430–31 (5th Cir. 2021) (published per curiam).

[9] *Id.* at 430.

[10] *Id.*

[11] *Yurika Huerta*, 994 F.3d at 716–17 (internal citations and quotations removed).

unlike Aguilar-Cerda, Martinez did not have an opportunity to object to the district court's delegation of the inpatient or outpatient decision to a probation officer at his hearing.[12] Here, Aguilar-Cerda cannot carry his burden to show that the district court's error is clear or obvious and seriously affects the fairness, integrity, or public reputation of judicial proceedings.

First, Aguilar-Cerda cannot show a clear or obvious error. Here, as in *Medel-Guadalupe*, the district court clearly required that Aguilar-Cerda "*shall* participate in a [drug treatment] program." In other words, the probation officer did not have the authority to impose a mandatory condition of supervised release; the district court merely delegated the "details of the conditions" to the probation officer.[13]

Additionally, Aguilar-Cerda's 45-month sentence falls in between the 10 months sentence in *Martinez* and the 120-month sentence in *Medel-Guadalupe*.[14] In *Medel-Guadalupe*, we reasoned that the district court's delegation of the inpatient or outpatient designation to the probation officer made practical sense; because of the long sentence imposed, the district court was not in a position to "predict what the need for substance abuse treatment during supervised release will be."[15] On the other hand, in *Martinez* the district court was in a better position to determine whether inpatient or outpatient treatment was required only 10 months later. And, because of the already short sentence, allowing a probation officer to further hold the

---

[12] *Martinez*, 987 F.3d at 434–35.

[13] *Medel-Guadalupe*, 987 F.3d at 430.

[14] *Id.* at 427; *Martinez*, 987 F.3d at 434.

[15] *Medel-Guadalupe*, 987 F.3d at 431.

No. 20-10866

defendant in inpatient treatment amounted to a restriction of Martinez's liberty.[16]

Here, "[b]ecause we have never passed on the significance (if any) of the length of a sentence falling between those in *Martinez* and *Medel-Guadalupe*, this matter remains subject to 'reasonable debate' and a lack of 'clear or obvious' error is a given."[17] Aguilar-Cerda argues that this Court implied in *Yurika Huerta* that allowing a probation officer to "lock [ ] up" a defendant for inpatient treatment following a 52 months sentence would be an improper delegation of authority to a probation officer.[18] However, *Yurika Huerta* did not involve a challenge to whether a district court may delegate the inpatient or outpatient treatment designation to a probation officer.[19] And, unlike the hypothetical situation presented in *Yurika Huerta*, the district court has required substance abuse treatment here; the probation officer may not unilaterally require a treatment program as a condition of supervised release. Because it is not clear or obvious that a 45-month sentence is short enough such that the delegation of the inpatient or outpatient designation to a probation officer amounts to a restriction of Aguilar-Cerda's liberty, Aguilar-Cerda cannot show plain error.

---

[16] *Martinez*, 987 F.3d at 435.

[17] *United States v. Ortega*, No. 20-10491, 2021 U.S. App. LEXIS 36566, at *6 (5th Cir. Dec. 10, 2021) (internal citations removed). *See also United States v. Huerta*, No. 19-41018, 2022 U.S. App. LEXIS 392, at *5–*6 (5th Cir. Jan. 6, 2022) (unpublished) (finding that our precedent does not clearly resolve the question of whether the delegation of the inpatient or outpatient designation to a probation officer is an improper delegation and the defendant therefore cannot show plain error).

[18] *See Yurika Huerta*, 994 F.3d at 717.

[19] *Id.* at 714.

No. 20-10866

\* \* \* \*

Accordingly, we AFFIRM the district court's judgment and GRANT counsel's motion to withdraw as there is no nonfrivolous issue for appeal.

No. 20-10866

Patrick E. Higginbotham, *Circuit Judge*, joined by Priscilla R. Owen, *Chief Judge*, concurring:

I write separately to highlight the fact that, even if our review were not under plain error, I would not find an improper delegation. As in *Medel-Guadalupe*, "[i]f, upon his release [Defendant] disagrees with the inpatient/outpatient determination, the district court will have the final say over the decision."[20] Because Aguilar-Cerda can challenge the probation officer's determination, the district court will be the ultimate decisionmaker.

No one maintains that the district court judge can delegate to the probation officer the authority to revoke supervised release or to impose a specific condition of supervised release.[21] But here, even though the probation officer may make the initial determination of whether judicially ordered treatment will occur in an inpatient or outpatient setting, the practical reality is that the district court maintains the ultimate authority over Aguilar-Cerda's conditions of supervised release. The district court judge legally restricted Aguilar-Cerda's liberty interests in a sentence spanning over six years—45 months by incarceration and the remainder by supervised release. The district court judge ordered that one of the conditions for supervised release is that Aguilar-Cerda participate in a substance abuse treatment program. Should Aguilar-Cerda breach a condition of supervised release, only the district court has the authority to revoke supervised release.[22] Thus, there is no improper delegation.

---

[20] *Medel-Guadalupe*, 987 F.3d at 431.

[21] *Sealed Appellant v. Sealed Appellee*, 937 F.3d 392, 400 (5th Cir. 2019) ("The imposition of a sentence, including the terms and conditions of supervised release, is a core judicial function that cannot be delegated.") (internal quotations and citations removed).

[22] *See* 18 U.S.C. § 3583(e)(3).