# United States Court of Appeals
# for the Fifth Circuit

––––––––––––––

No. 23-50238
Summary Calendar

––––––––––––––

United States Court of Appeals
Fifth Circuit

**FILED**

January 5, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Alejandro Carrasco,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:22-CR-252-1

_____

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Alejandro Carrasco challenges his guilty-plea conviction, as stated in the judgment, for, *inter alia*, using, carrying, or possessing a firearm during and in relation to a crime of violence or drug-trafficking crime, in violation of 18 U.S.C. § 924(c). He contends the indictment did not sufficiently charge

––––––––––––––

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

him with a violation of § 924(c).  Alternatively, he contends his plea to that offense was not knowing or voluntary.

Because Carrasco did not raise these issues in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  Under that standard, Carrasco must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).  The requisite clear or obvious error is lacking for both issues.

Regarding the sufficiency of the indictment, "[i]t is well-settled that when a defendant enters a voluntary and unconditional guilty plea, the plea has the effect of waiving all nonjurisdictional defects in the prior proceedings". *United States v. Medel-Guadalupe*, 987 F.3d 424, 428 (5th Cir. 2021) (citation omitted).  A defective indictment is not a jurisdictional defect. *E.g.*, *United States v. Cotton*, 535 U.S. 625, 630–31 (2002).  Because, as demonstrated *infra*, Carrasco's plea was knowing and voluntary, there is no clear or obvious error concerning whether he waived any challenge to the indictment's sufficiency. *See Medel-Guadalupe*, 987 F.3d at 428.

In the alternative, Carrasco contends his plea was not knowing and voluntary for two reasons.  Again, there is no clear or obvious error.  First, he asserts there was an insufficient factual basis to support his § 924(c) conviction.  "[Federal Rule of Criminal Procedure] 11(b)(3) requires a district court taking a guilty plea to make certain that the *factual* conduct admitted by the defendant is sufficient as a *matter of law* to establish a violation of the statute to which he entered his plea." *United States v. Trejo*,

610 F.3d 308, 313 (5th Cir. 2010) (emphasis in original) (footnote omitted). "In assessing factual sufficiency under the plain error standard, we may look beyond those facts admitted by the defendant during the plea colloquy and scan the entire record for facts supporting his conviction." *Id.*

Carrasco confirmed under oath at his rearraignment that he agreed with, and had reviewed, the stipulated facts. Those facts established detectives conducted two controlled purchases of cocaine from Carrasco. Each time the buyer traveled to Carrasco's apartment to obtain the cocaine. When detectives later executed a search warrant at Carrasco's apartment, he stated they would find a scale, cocaine, and firearms in his apartment closet. Two firearms and multiple narcotics were found in a backpack in Carrasco's bedroom closet. Detectives discovered cocaine also in the closet and found items evidencing drug distribution throughout the residence. The firearms were easily accessible to Carrasco, not locked in a safe or in a storage container, and of the type commonly used for protection. Carrasco was present at the residence during both controlled drug purchases, and he was prohibited from possessing firearms because of a prior felony conviction. In the light of these facts, Carrasco did not show the requisite plain error in his § 924(c) conviction. *See United States v. Ceballos-Torres*, 218 F.3d 409, 414–15 (5th Cir. 2000) (listing factors relevant to "in furtherance" finding as: "the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found").

Second, Carrasco contends his plea was not knowing or voluntary because he was not adequately advised of the nature of the charge. *See* FED. R. CRIM. P. 11(b)(1)(G) (requiring court inform defendant of "the nature of each charge to which the defendant is pleading"). Carrasco's indictment

was read, he stated he understood the charges, and he was given an opportunity to ask questions. *See United States v. Cuevas-Andrade*, 232 F.3d 440, 444 (5th Cir. 2000) (observing "a reading of the indictment, followed by an opportunity given [to] the defendant to ask questions about it, will usually suffice to inform the defendant of the nature of the charge" (citation omitted)). The admissions in Carrasco's signed factual basis, along with his solemn declarations made during his rearraignment proceeding, show the court did not plainly err. *See United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009) (explaining "solemn declarations in open court carry a strong presumption of verity" (citation omitted)); *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985) (noting "[o]fficial records, such as this signed [guilty plea], are entitled to a presumption of regularity and are accorded great evidentiary weight").

AFFIRMED.