# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-10219
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

January 29, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANGEL ORTIZ-FLORES,

*Defendant—Appellant*.

———————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CR-140-1

———————————————————————————

Before KING, SOUTHWICK, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Angel Ortiz-Flores appeals his conviction for illegal reentry following removal. He asserts that he met the requirements for a successful collateral challenge to the underlying removal proceeding, and the district court thus erred by denying his motion to dismiss the indictment. He maintains that his prior removals were invalid because he erroneously was placed in expedited

———————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

removal proceedings based upon the incorrect belief that he was inadmissible for not possessing any valid entry documents at the time of an application for admission.

If the defendant enters a voluntary and unconditional guilty plea, the plea effectively waives all nonjurisdictional defects in the prior proceedings. *United States v. Medel-Guadalupe*, 987 F.3d 424, 428 (5th Cir. 2021) (per curiam). A claim that an indictment is defective does not implicate the court's jurisdiction; the entry of a knowing and voluntary guilty plea therefore waives any objections or challenges to an indictment. *See United States v. Cotton*, 535 U.S. 625, 630-31 (2002).

The record does not establish that Ortiz-Flores preserved the right to appeal the denial of the motion to dismiss the indictment or to challenge the underlying removal order. He does not assert, and there is no indication in the record, that his guilty plea was conditional or that he preserved an appeal of pre-plea rulings. Also, the record supports that he made his unconditional guilty plea knowingly and voluntarily and that his claims do not fall within a potential exception to the rule that a valid unconditional guilty plea bars any nonjurisdictional claims of error that preceded the plea.

Thus, Ortiz-Flores's unconditional guilty plea waived his challenge to the indictment based on alleged defects in the prior removal proceedings. *See id.*; *Medel-Guadalupe*, 987 F.3d at 428. The judgment of the district court is AFFIRMED.