# United States Court of Appeals
# for the Fifth Circuit

———————

No. 24-30345
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
February 24, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Christopher James Daniel,

*Defendant—Appellant*.

———————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:23-CR-114-1

———————

Before Barksdale, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:*

Christopher James Daniel challenges his above-Guidelines 60-months' sentence (the statutory maximum), imposed following his guilty-plea conviction for one count of making a threatening communication, in violation of 18 U.S.C. § 875(c). He contests the district court's application

———————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

of a six-level threat enhancement to his base offense level under Sentencing Guideline § 2A6.1(b)(1).

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The Guideline at issue provides for a six-level increase to defendant's base offense level "[i]f the offense involved any conduct evidencing an intent to carry out such threat". U.S.S.G. § 2A6.1(b)(1). Whether defendant's conduct evidenced an intent to carry out a threat is a factual finding, reviewed for clear error. *E.g.*, *United States v. Goynes*, 175 F.3d 350, 353 (5th Cir. 1999). Our court has required "some form of overt act" to sustain an enhancement under Guideline § 2A6.1(b)(1). *Id.* at 355 (writing threatening and violent letters—one of which was signed in blood—insufficient to justify enhancement). The conduct at issue in this case involves a vague threat made via text message, which presents a close question of fact regarding whether this conduct amounted to the requisite "overt act". *Compare id. with United States v. Pillault*, 783 F.3d 282, 287–88 (5th Cir. 2015) (evidence that defendant purchased materials to make a pipe bomb and had specific plans to carry out attack on particular high school on certain date sufficient to sustain enhancement).

In any event, we need not decide whether the enhancement was clear error because the error, if any, was harmless. *See United States v. Guzman-Rendon*, 864 F.3d 409, 410–12 (5th Cir. 2017) (outlining ways to show harmless error). "[A] guidelines calculation error is harmless where the district court has considered the correct guidelines range and has stated that it would impose the same sentence even if that range applied." *United States v. Richardson*, 676 F.3d 491, 511 (5th Cir. 2012).

At the sentencing hearing, Daniel noted that, if his objection to the enhancement were sustained, the applicable imprisonment range would be six to 12 months, rather than 18 to 24. Accordingly, the court was aware of, and considered, both advisory Guidelines' ranges—*i.e.*, the applicable ranges both with and without the enhancement. *See, e.g.*, *United States v. Medel-Guadalupe*, 987 F.3d 424, 429 (5th Cir. 2021) (district court aware of, and considered, both ranges when set forth in defendant's written objection to presentence investigation report). Notwithstanding either Guidelines' range, the court varied upwards, sentencing Daniel to the statutory maximum based on the factors set forth in 18 U.S.C. § 3553(a).

In doing so, the court highlighted Daniel's history of "extremely disturbing pattern of behavior . . . involving the use of firearms, . . . threatening, intimidating, harassing others, combined [with] the rampant amphetamine use and allegations of extreme violence". Moreover, the court stated it would impose the same sentence, regardless of any error in the calculation of the Guidelines range. Under these circumstances, any claimed error was harmless. *E.g.*, *Medel-Guadalupe*, 987 F.3d at 429.

AFFIRMED.