# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 4, 2010

Charles R. Fulbruge III
Clerk

No. 09-30056
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TANYA MARIE SMITH,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:07-CR-30037-1

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

A jury convicted Tanya Marie Smith of conspiring to possess firearms by convicted felons, being a felon in possession of firearms, and possessing a short-barreled shotgun not registered to her, as charged in Counts 1, 2, and 4 of the indictment, respectively. Over Smith's objection, the district court calculated her sentencing range based on the base offense level for second degree murder, pursuant to the "cross reference" provision of U.S.S.G. § 2K2.1(c)(1)(B). Because the advisory guidelines range was higher that the statutory maximums for the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offenses, the court sentenced Smith to the statutory maximums, 60 months on Count 1 and 120 months on Counts 2 and 4, to run consecutively.

Smith challenges the sufficiency of the evidence to support her convictions on Counts 1 and 4. She argues that the Government failed to prove an agreement to support her conspiracy conviction and failed to prove that she possessed the shotgun. Because she raised these arguments in her motions for judgment of acquittal, review is de novo. *See United States v. Percel*, 553 F.3d 903, 910 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 2065 and 2067 (2009). There was evidence that Smith and Dennis Clem, both convicted felons, drove around Bastrop, Louisiana, with the shotgun and other firearms under a blanket on the floorboard behind the front seat. Smith was usually the driver of the vehicle and one day accompanied Clem and another man when they took the shotgun and other firearms from vehicle and shot them on some land. Viewed in the light most favorable to the verdict, a reasonable jury could conclude both that Smith agreed to violate the law prohibiting her and Clem from possessing firearms, *see United States v. Bieganowski*, 313 F.3d 264, 277 (5th Cir. 2002), and that she constructively possessed the shotgun, *see United States v. Knezek*, 964 F.2d 394, 400 (5th Cir. 1992).

Smith asks this court to review the sufficiency of the evidence to support her conviction on Count 2, but provides no further argument. She has thus abandoned this issue. *See United States v. Stalnaker*, 571 F3d 428, 433 (5th Cir. 2009). Moreover, the evidence that supports the possession element of her conviction on Count 4 supports the possession element of her conviction on Count 2.

With regard to her sentence, Smith challenges the district court's finding that it was credible that Crystal Harrell called Smith before the doomed police officers arrived at Smith and Clem's hotel room. Our review of the record reveals that this finding is plausible in light of the record as whole. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). To the extent

this finding is based on double hearsay, Smith has not shown that the evidence regarding the phone call was unreliable or untrue. *See* U.S.S.G. § 6A1.3(a), p.s., comment. (noting that the sentencing court may consider "reliable hearsay"); *United States v. Rodriguez*, 62 F.3d 723, 725 n.9 (5th Cir. 1995) (same). Thus, she has not shown the district court erred in considering the information.

Smith asserts, without further argument, that applying the factors set forth in 18 U.S.C. § 3553(a) to determine the reasonableness of the sentence imposed, her "sentence is clearly excessive." Smith did not object specifically to the substantive reasonableness of the sentence, and thus, review is for plain error only. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). The sentence imposed on each count of conviction is within the properly calculated guidelines range and, thus, is presumptively reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Further, the record indicates that the district court made an individualized sentencing decision based on the facts of the case in light of the factors set out in § 3553(a). *See Gall*, 552 U.S. at 49-50. Smith has not overcome the presumption of reasonableness and has not shown that the district court plainly erred in determining that the sentences imposed would satisfy the goals of § 3553(a).

AFFIRMED.