# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 6, 2022

Lyle W. Cayce
Clerk

No. 20-40817

United States of America,

*Plaintiff—Appellee*,

*versus*

Roberto Flores-Brewster,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CR-997-3

Before Jones, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Having plead guilty of conspiring to transport illegal aliens, Roberto Flores-Brewster contests a sentence enhancement for endangering the aliens by carrying them in a secret compartment beneath a tractor-trailer. He also contests several special conditions of supervised release included in the written judgment. We affirm.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40817

## I. Facts and Proceedings

In 2019, Roberto Flores-Brewster pleaded guilty of conspiracy to transport aliens within the United States. *See* 8 U.S.C. § 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(II). His PSR calculated a total offense level of 33, including a two-level enhancement for intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person. *See* U.S.S.G. § 2L1.1(b)(6). The enhancement was based on evidence that, as part of the conspiracy, an alien had reported being transported from the Rio Grande Valley to San Antonio for four hours in a "small, confined compartment" underneath a tractor-trailer with no way to contact the driver. The PSR found these circumstances could expose the alien to substantial risk of "death in the event of an accident and[/]or asphyxiation should she have been abandoned." The PSR also reported Flores-Brewster's history of alcohol, cocaine, and marijuana use, along with numerous supervised release violations based on drug abuse and failure to attend court-ordered drug treatment. Finally, an appendix to the PSR listed recommended conditions of supervised release.

Flores-Brewster objected to the two-level enhancement, which the district court overruled. After the parties agreed to various changes to the PSR's calculations, which the court accepted, Flores-Brewster's total offense level was 24 and his criminal history category was IV, resulting in a guidelines range of 77 to 96 months' imprisonment. The court sentenced Flores-Brewster to 85 months' imprisonment and a three-year term of supervised release.

As part of the orally pronounced supervised release conditions, the court required Flores-Brewster "to comply with the standard conditions adopted by the Court," required him "to participate in drug and alcohol treatment," pronounced several other conditions, and stated that "[a]ll of these conditions are as set out in the appendix to the [PSR]." At defense

2

counsel's suggestion, the court also recommended Flores-Brewster for the Bureau of Prisons' drug treatment program. Flores-Brewster did not object to the sentence imposed.

The written judgment included four mandatory and 14 standard conditions of supervised release. It also included six "special" conditions: (1) participate in (and pay for, if able) an inpatient or outpatient substance-abuse treatment program under the probation officer's supervision; (2) the same provision for an alcohol-abuse treatment program; (3) not possess a controlled substance without a prescription; (4) submit to (and pay for, if able) substance-abuse testing; (5) not use or possess alcohol; and (6) not use or possess any psychoactive substances without the probation officer's prior approval.

Flores-Brewster timely appealed his sentence.

## II. Standard of Review

Flores-Brewster challenges the special conditions in his written judgment on various grounds. Because Flores-Brewster did not object to any of the conditions, our standard of review depends of whether he had notice and an opportunity to object. *See United States v. Diggles*, 957 F.3d 551, 559–60 (5th Cir.) (en banc), *cert. denied*, 141 S. Ct. 825 (2020). If he did, we review for plain error. *See United States v. Mejia-Banegas*, 32 F.4th 450, 451 (5th Cir. 2022) (per curiam) (citation omitted). If he did not, we review for abuse of discretion. *See United States v. Grogan*, 977 F.3d 348, 353 (5th Cir. 2020) (citations omitted). Flores-Brewster also challenges the two-level sentencing enhancement under U.S.S.G. § 2L1.1(b)(6). We review the district court's application of the Sentencing Guidelines *de novo* and the court's factual findings for clear error. *United States v. Landreneau*, 967 F.3d 443, 449 (5th Cir. 2020) (citation omitted).

No. 20-40817

## III. Discussion

### A. Delegation of Authority to Probation Officer

Flores-Brewster challenges the substance-abuse treatment condition insofar as it authorizes his probation officer to designate inpatient or outpatient treatment. He argues our review of this discretionary condition[1] should be for abuse of discretion because he lacked opportunity to object. We disagree. As the government points out, the district court orally pronounced that Flores-Brewster must "participate in drug and alcohol treatment." Moreover, the PSR discussed Flores-Brewster's history of substance abuse, highlighting that he "was ordered to attend drug treatment" while on supervised release but "failed to attend[,] resulting in numerous violations." Ample testimony discussed Flores-Brewster's "serious drug addiction problem" and his need for "a lot of help" including placement "get[ting] him to a rehab center." Given his "constant substance abuse," his attorney asked that substance-abuse treatment such as a "rehab facility" be "available." In light of all this, we conclude that "at a minimum" Flores-Brewster had an opportunity "to ask for more specificity about the [substance-abuse treatment] conditions" orally pronounced by the court. *United States v. Martinez*, 15 F.4th 1179, 1181 (5th Cir. 2021). We therefore review for plain error. *See United States v. Hernandez*, No. 21-40161, 2022 WL 1224480, at *3 (5th Cir. Apr. 26, 2022) (per curiam).

Brewster cannot show plain error. To be "plain," "the legal error must be clear or obvious, rather than subject to reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (citing *United States v. Olano*, 507

---

[1] A discretionary condition of supervised release—*i.e.*, one not required by 18 U.S.C. § 3583(d)—must be orally pronounced. *See Diggles*, 957 F.3d at 559, 563. A condition requiring participation in a substance-abuse program falls within this category. *United States v. Garcia*, 983 F.3d 820, 823–24 (5th Cir. 2020); *United States v. Gomez*, 960 F.3d 173, 179–80 (5th Cir. 2020).

U.S. 725, 734 (1993)). Our court's decisions evaluate a probation officer's delegated authority to determine inpatient or outpatient treatment based in part on sentence length. *See United States v. Martinez*, 987 F.3d 432, 436 (5th Cir. 2021) (delegation impermissible under a 10-month sentence); *United States v. Medel-Guadalupe*, 987 F.3d 424, 431 (5th Cir. 2021) (delegation permissible under a 10-year sentence); *see also United States v. Huerta*, 994 F.3d 711, 716 (5th Cir. 2021) (reconciling cases in part on this basis).

Brewster's 85-month sentence falls between the sentences in *Martinez* and *Medel-Guadalupe*. "[B]ecause we have never passed on the significance (if any) of the length of a sentence falling between those in *Martinez* and *Medel-Guadalupe*, this matter remains subject to 'reasonable debate' and a lack of 'clear or obvious' error is a given." *United States v. Aguilar-Cerda*, 27 F.4th 1093, 1096 (5th Cir. 2022) (quoting *United States v. Ortega*, 19 F.4th 831, 834 (5th Cir. 2021)). Brewster therefore cannot establish plain error. *See United States v. Huerta*, No. 19-41018, 2022 WL 68974, at *2 (5th Cir. Jan. 6, 2022) (finding no plain error on inpatient/outpatient delegation because law is unsettled); *United States v. Johnson*, 850 F. App'x 279, 280 (5th Cir. 2021) (per curiam) (same).

## B. Remaining Special Conditions

Flores-Brewster seeks vacatur of the remaining special conditions in the written judgment insofar as they are discretionary, were not orally pronounced, and conflict with the orally pronounced conditions. "[W]here the oral pronouncement and written judgment conflict, the oral pronouncement controls." *United States v. Tanner*, 984 F.3d 454, 456 (5th Cir. 2021) (citation omitted). "A conflict exists where the written judgment broadens the restrictions or requirements of supervised release from an oral pronouncement or imposes a more burdensome requirement." *Sealed Appellee v. Sealed Appellant*, 937 F.3d 392, 400 (5th Cir. 2019) (cleaned up). If, however, "the written judgment simply clarifies an ambiguity in the oral

No. 20-40817

pronouncement, we look to the sentencing court's intent to determine the sentence." *Tanner*, 984 F.3d at 456 (citation omitted). Intent is determined from "the entire record." *Ibid.* (citation omitted).[2]

We consider each of the challenged special conditions in turn.[3]

### (1). *Costs of Substance-Abuse Treatment.*

Our precedent forecloses Flores-Brewster's challenge to the requirement that he pay the costs of substance-abuse treatment.[4] A condition requiring the defendant to pay for such treatment, even when first mentioned in the written judgment, creates at most an ambiguity that may be resolved by examining the record for evidence of the district court's intent. *See, e.g.*, *United States v. Vega*, 332 F.3d 849, 852 (5th Cir. 2003); *United States v. Zavala*, 835 F. App'x 767, 768 (5th Cir. 2021) (per curiam). The record plainly manifests the district court's intent that Flores-Brewster participate in drug treatment. So, no conflict exists between the written judgment and oral pronouncement. *Vega*, 332 F.3d at 852 ("As the requirement that a defendant bear the costs of his drug treatment is 'clearly consistent' with the

---

[2] *Diggles* did not change our law on the distinction between conflicts and ambiguities in oral pronouncements and written judgments. *See* 957 F.3d at 563; *see also, e.g.*, *Tanner*, 984 F.3d at 455–57; *United States v. Madrid*, 978 F.3d 201, 207 (5th Cir. 2020).

[3] The government agrees with Flores-Brewster that the last four special conditions were not pronounced and conflict with the written judgment, so we should remand for the district court to remove them. But we are "not bound by the [g]overnment's concession, and we 'give the issue independent review.'" *United States v. Castaneda*, 740 F.3d 169, 171 (5th Cir. 2013) (per curiam) (citation omitted).

[4] Flores-Brewster does not generally challenge the requirement that he participate in substance-abuse treatment, only that he pay for that treatment. He also raises no challenge to a separate, nearly identical special condition requiring him to pay for alcohol-abuse treatment.

court's intent that he *attend* treatment, the two judgments do not conflict and no modification of the sentence is warranted.").[5]

### (2). *Possessing Controlled Substances Without a Prescription.*

Flores-Brewster's challenge to this condition also fails. The district court was not required to pronounce the condition barring him from possessing controlled substances without a prescription because it is covered by the mandatory condition "that the defendant not unlawfully possess a controlled substance." 18 U.S.C. § 3583(d); *see* Tex. Health & Safety Code Ann. § 481.117 (criminalizing possession of controlled substance without prescription); *Hernandez*, 2022 WL 1224480, at *3 (finding no error where court included same condition in written judgment without pronouncement because it overlaps with section 3583(d)); *cf. United States v. Vasquez-Puente*, 922 F.3d 700, 705–06 (5th Cir. 2019) (finding no abuse of discretion where "no reentry" special condition duplicated mandatory condition that defendant not reenter country illegally).[6]

### (3). *Submitting to (and Paying for) Substance-Abuse Testing.*

We reject Flores-Brewster's challenge to this condition because it creates no conflict with the oral pronouncement. The district court orally required Flores-Brewster to participate in a drug treatment program. Moreover, he was already required, as a mandatory condition of release, to submit to some drug testing. So, the drug-testing condition here does not conflict with the oral pronouncement of sentence. *See, e.g.*, *United States v. Lozano*, 834 F. App'x 69, 75 (5th Cir. 2020) (per curiam) (no conflict between special drug-testing condition and oral pronouncement because

---

[5] We therefore need not determine whether we should review this issue for plain error or abuse of discretion.

[6] We therefore need not determine whether we should review this issue for plain error or abuse of discretion.

defendant "was already obligated to participate in a drug-treatment program and, as a mandatory condition of release, submit to some drug testing") (citing *Vega*, 332 F.3d at 854).[7] Nor does requiring payment for testing create a conflict. *See ibid.* (citing *Vega*, 332 F.3d at 852; *United States v. Thomas*, No. 19-20520, 830 F. App's 420, 423–25 (5th Cir. Oct. 8, 2020); *United States v. Warden*, 291 F.3d 363, 365 (5th Cir. 2002)).[8]

(4). *Use and Possession of Alcohol and Psychoactive Substances.*

We also affirm the conditions that Brewster not possess or use alcohol or any psychoactive substances, including synthetic marihuana or bath salts. The PSR describes Brewster's abuse of alcohol, marihuana, and cocaine. It also details his lengthy criminal history, including four convictions for driving while intoxicated and four convictions for narcotics possession. At sentencing, his brother testified to Brewster's "real serious drug habit," noting his drug of choice was synthetic marihuana. The record accordingly reflects that the special alcohol and psychoactive-substances conditions "are consistent with the orally-pronounced condition[s] that [Brewster] undergo [alcohol and] drug treatment and the district court's intention that [he] receive treatment for his extensive substance abuse and alcohol issues." *Zavala*, 835 F. App'x at 768 (affirming same alcohol and psychoactive-substances conditions); *see also Lozano*, 834 F. App'x at 75 (affirming same psychoactive-substances condition given "the evidence of [defendant]'s history of cocaine and alcohol abuse and the orally pronounced supervised release conditions requiring him to participate in substance- and alcohol-

---

[7] *Cf. United States v. Johnson*, 850 F. App'x 894, 895, 896–97 (5th Cir. 2021) (per curiam) (finding written special drug-testing condition conflicted with oral pronouncement where oral pronouncement did not order participation in drug treatment program).

[8] We therefore need not determine whether we should review this issue for plain error or abuse of discretion.

abuse treatment programs"). Those conditions do not create a conflict with the orally pronounced sentence.[9]

### C. Two-Level Enhancement Under U.S.S.G. § 2L1.1(b)(6)

Finally, Flores-Brewster challenges the two-level sentencing enhancement under U.S.S.G. § 2L1.1(b)(6) for creating a substantial risk of death or serious injury to another. The district court applied this enhancement based on evidence—in the form of text messages a material witness received from the transported alien, "Cristelia"—showing aliens were transported in a confined compartment beneath a tractor-trailer for several hours without any way of communicating with the driver. Flores-Brewster argues the district court improperly based its findings "on uncorroborated double hearsay relayed by an unidentified witness." While we usually review an application of the Sentencing Guidelines *de novo* (and factual findings for clear error), *see Landreneau*, 967 F.3d at 449, the government argues we should review for plain error because Flores-Brewster did not properly preserve this issue. We need not resolve this dispute because there was no error under either standard. *United States v. Perryman*, 965 F.3d 424, 427 (5th Cir. 2020).

At sentencing, a "court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a); *see also United States v. Malone*, 828 F.3d 331, 337 (5th Cir. 2016) (citation omitted) (interpreting this language "to require that the facts used by the district court for sentencing purposes be reasonably reliable"). Accordingly, we have held that, "for sentencing purposes, even 'uncorroborated hearsay evidence' is sufficiently reliable."

---

[9] We therefore need not determine whether we should review this issue for plain error or abuse of discretion.

*United States v. Collins*, 774 F.3d 256, 265 (5th Cir. 2014) (quoting *United States v. West*, 58 F.3d 133, 138 (5th Cir. 1995)).

The disputed text messages relied on by the district court were sufficiently reliable. In them, Cristelia, an illegal alien, described to Landez-Mimiaga, an illegal alien and material witness, how and when aliens would be transported in precise detail. Moreover, Cristelia's statements were corroborated by evidence from other co-conspirators that they used tractor trailers to transport illegal aliens in an unsafe manner. *See, e.g.*, *United States v. Smith*, 359 F. App'x 491, 492–93 (5th Cir. 2010) (per curiam) (affirming enhancement based on double hearsay where defendant did not show it was unreliable or untrue); *see also United States v. Rico*, 864 F.3d 381, 386 (5th Cir. 2017) ("Statements by coconspirators are sufficiently reliable to form the basis of a finding." (citations omitted)).

The district court did not err, clearly or otherwise, in finding these conditions of transport created a substantial risk of death or bodily injury. We consider five factors when applying § 2L1.1(b)(6): "the availability of oxygen, exposure to temperature extremes, the aliens' ability to communicate with the driver of the vehicle, their ability to exit the vehicle quickly, and the danger to them if an accident occurs." *United States v. Zuniga-Amezquita*, 468 F.3d 886, 889 (5th Cir. 2006). These factors were amply met here, as the district court explained in detail:

> [W]e don't have here a situation where the alien just said it was "awful," we have much more than that. It is a compartment not intended for passenger travel, she has no real way to communicate should there be some emergency come up. Also, in the event of an accident it's highly unlikely that anybody would be looking for passengers in that small compartment. And it is a small compartment, although we don't have any real information as far as ventilation, the Court, I think, from the description that is given, does believe that that would be an issue, as well.

These findings are plausible and support the enhancement. *See, e.g.*, *Zuniga-Amezquita*, 468 F.3d at 889 ("Transporting aliens in a manner that significantly hinders their ability to exit the vehicle quickly creates a substantial risk of death or serious bodily injury."); *United States v. Rodriguez-Mesa*, 443 F.3d 397, 403 (5th Cir. 2006) (affirming enhancement where illegal alien was transported in "contorted position" where he "could not have easily extricated himself"); *see also United States v. Johnson*, 369 F. App'x 569, 573 (5th Cir. 2010) (per curiam) (affirming enhancement where illegal aliens "confined in close quarters" and "wedged into a small cabinet" "would face significant difficulties in attempting to exit the vehicle").

## IV.

Flores-Brewster's sentence is AFFIRMED.